# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION<br><br>Defendants. | CASE NO: 3:03CV977(CFD)<br><br><br><br><br><br><br><br><br><br>FEBRUARY 25, 2005 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' LOCAL RULE 41(a) EXPLANATION

Defendants, John DeStefano, Jr., City of New Haven and the New Haven Board of Education ("Defendants"), through their undersigned counsel, hereby object to those portions of Plaintiffs' Local Rule 41(a) Explanation which request that the Court direct the filing of a Joint Trial Memorandum on or before May 1, 2005 and which state that the case will be ready for trial at that time.

In support of this response, Defendants represent that this case alleges that Defendants violated Plaintiffs' First Amendment rights by terminating an architectural services contract between Defendant the New Haven Board of Education and Plaintiff Architects Environmental Collaborative International, P.C. for the design of the new Prince-Welch School in New Haven, Connecticut. Plaintiffs claim that such contract was terminated because Plaintiff Wendell Harp

and his wife supported a candidate challenging Defendant John DeStefano's candidacy for Mayor of the City of New Haven. Plaintiffs seek compensatory and punitive damages as well as attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988..

Despite the fact that Plaintiffs' complaint alleges serious constitutional issues and Plaintiffs are presumably seeking significant amounts of damages and although the parties submitted a Report of Parties' Planning Meeting (the "Report") that stated that discovery would be required on certain subject, neither Plaintiffs nor Defendants have conducted any discovery in this case. Further, although the Report (¶ F.8) stated that a damages analysis would be provided by any party who has a claim for damages by June 1, 2004, Plaintiffs have failed to provide any such damages analysis. Accordingly, this case is not ready for trial.

The undersigned filed her appearance on January 21, 2005, because prior counsel for Defendants, Martin Echter, had resigned from his position as Deputy Corporation Counsel for the City of New Haven. The undersigned has been working diligently since that time to familiarize herself with the complex facts of this case, which span, at minimum, a six year period of time.

In order to prepare properly for this complicated case and so that the issues are narrowed and the parties' and the Court's time conserved at trial, Defendants need to engage in pretrial discovery. The undersigned is filing simultaneously with this Response, a Motion to Amend the Deadlines set forth in the Report. The undersigned is also in the process of preparing a notice for Plaintiff Wendell Harp's deposition.

Accordingly, Defendants request that this Court not direct the filing of a Joint Trial Memorandum by May 1, 2005.

>                        DEFENDANTS
>                        JOHN DeSTEFANO, CITY OF NEW HAVEN and
>                        NEW HAVEN BOARD OF EDUCATION
>
> By:      /s/ Carolyn W. Kone
>          Carolyn W. Kone (ct 06207)
>          BRENNER, SALTZMAN & WALLMAN LLP
>          Their Attorneys
>          271 Whitney Avenue
>          New Haven, CT  06511
>          Tel. (203) 772-2600
>          Fax (203) 772-4008
>          Email:  ckone@bswlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served this 25th day of February, 2005, by U.S. first class mail, postage prepaid, upon:

John R. Williams
Williams & Pattis
51 Elm St., Ste. 409
New Haven, CT  06510

Martin S. Echter
Corporation Counsel's Office
165 Church St.
New Haven, CT  06510

                                              /s/ Carolyn W. Kone
                                     Carolyn W. Kone, Esq. (ct06207)