UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C.<br><br>VS.<br><br>JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION | :<br>:<br>:<br>:<br>:   NO. 3:03CV977(CFD)<br>:<br>:<br>:<br>:   MAY 25, 2005 |

## MOTION FOR PROTECTIVE ORDER

Plaintiffs respectfully move for a protective order limiting the materials which the defendants can compel the plaintiffs to produce at the forthcoming deposition of the plaintiff Harp. In particular:

1. Defendants have noticed the deposition of plaintiff Harp for May 27, 2005, and subsequent dates.

2. Defendants have annexed to their deposition notice a demand that the plaintiff Harp produce vast quantities of materials at his said deposition, of which many are burdensome and unduly invasive, some seek privileged materials, and all, taken together, are oppressive. Specifically:

    A. Defendants demand production of the certificate of incorporation of the Professional Corporation. This demand is improper because the certificate is a matter

1

of public record available to the defendants and in any event is already in the possession of the defendants.

      B.  Defendants demand production of the bylaws of the Professional Corporation.  This demand is improper because there is no conceivable way in which such material could lead to the discovery of relevant or admissible evidence.

      C.  Defendants demand production of the minute book of the Professional Corporation.  Because the corporate plaintiff is not a public entity, such demand constitutes an attempt to obtain trade secrets the disclosure of which could inflict injury upon the plaintiff, while there is no possibility that any discoverable evidence would be contained within said minute book.

      D.  Defendants seek production of notes of all meetings concerning the school project in question, which request is so broad that it would include attorney-client and other privileged communications.

      E.  Defendants seek production of "all documents concerning any real or personal property taxes owed by either Plaintiff or any entity affiliated with either or both Plaintiffs or owned or controlled by Plaintiff Wendell Harp to Defendant City of New Haven during the period of 1997-2003, including without limitation taxes assessed with respect to any properties located on Lake Place, Dixwell Avenue, Whalley Avenue and/or Conrad Drive, any repayment agreement(s) with the City of New Haven and any default(s) under such payment agreement."  The defendants already have such records., by definition, unless they are privileged communications, and none of such

records could conceivably lead to the disclosure of admissible evidence in this case. Defendants seek only to harass the plaintiff Harp by this demand.

  F.  Defendants further demand "[a]ll documents concerning any litigation, other than the above captioned matter and other than materials protected by the attorney-client privilege or the attorney work product privilege, brought against any of the Defendants by either or both Plaintiffs, any affiliate or parent of AECI or any entity controlled or owned by Plaintiff Wendell Harp."  By definition, under this limitation, the defendants already possess all such documents.  Accordingly, their demand that the plaintiff produce his copies of same is a bad faith attempt to harass the plaintiff.

  G.  Defendants further demand "[a]ll documents that support Plaintiffs' claims for...attorneys' fees."  Discovery of attorney fee information is premature at this stage of the litigation and would necessarily invade the attorney-client privilege and attorney work product privilege at this stage of the litigation.

  H.  Defendants further demand production of the tax returns of both plaintiffs from 1997 to the present.  This is an outrageous invasion of privileged information, since the economic losses the plaintiffs assert in this action are solely those associated with the defendants' breach of their contract with the plaintiffs, which is a liquidated sum not related to the plaintiffs' other income.

THE PLAINTIFF


BY:_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203/562-9931
        FAX:  203/776-9494
        E-Mail: jrw@johnrwilliams.com
        His Attorney


CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorney Rodger W. Lehr, Jr., Deputy Corporation Counsel, 165 Church Street, New Haven, CT 06510 [E-Mail: rlehr@newhavenct.net]; and Attorney Carolyn W. Kone at Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT 06511 [E-Mail: ckone@bswlaw.com].


_____
JOHN R. WILLIAMS