UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION,<br><br>Defendants. | CASE NO: 3:03CV977(CFD) (DFM)<br><br><br><br><br><br><br><br><br><br><br>JUNE 17, 2005 |

## DEFENDANTS' OBJECTION TO MOTION FOR PROTECTIVE ORDER

**I.   INTRODUCTION**

Defendants John DeStefano, City of New Haven and New Haven Board of Education ("Defendants") submit the instant memorandum in opposition to Plaintiffs' Motion for Protective Order dated May 25, 2005 (Doc. # 19). Plaintiffs move for a protective order limiting the materials that they are required to produce in connection with the deposition of Plaintiff Wendell Harp, which began on May 27, 2005 and is scheduled to resume on June 21, 2005. As discussed below, Plaintiffs' Motion, filed on the eve of the scheduled deposition fails to comply with the Federal and Local Rules regarding such motions and further is without merit as the materials sought by Defendants, particularly Plaintiffs' tax returns, are relevant to this action. Accordingly, Plaintiffs' Motion for Protective Order should be denied, Plaintiffs should be ordered to produce the requested documents and Defendants should be permitted additional deposition time in which to examine Plaintiff Wendell Harp concerning these documents.

Moreover, pursuant to Fed. R. Civ. P. 26(c), Defendants request that the Court award them their expenses, including reasonable attorney's fees, incurred in responding to Plaintiffs' Motion.

## II. BACKGROUND

This action is brought under 42 U.S.C. § 1983 by Plaintiffs, Wendell Harp and an architectural firm that Mr. Harp is the sole owner of, Architects Environmental Collaborative International, Inc. ("AECI"), alleging that Defendants violated Plaintiffs' First Amendment rights, because they terminated a contract between the New Haven Board of Education and AECI to design the Prince-Welch School, allegedly because of Mr. Harp and his wife's announced support of a challenger to Mayor DeStefano's bid for the Democratic nomination for Mayor of New Haven.

## III. ARGUMENT

### A. Plaintiffs' Motion to Compel Fails to Comply with the Federal and Local Rules of Civil Procedure

As an initial matter, Plaintiffs' Motion fails to comply with the Federal and Local rules regarding motions for protective orders. Plaintiffs' Motion is not accompanied by a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and, in fact, no such conference was ever held. Fed. R. Civ. P. 26 (c); see D. Conn. Loc. R. 37(a)2 and 37(a)3. The only notice, other than the Motion for Protective Order, that the undersigned counsel for Defendants received regarding Plaintiffs' objection to Defendants' request for documents in connection with the deposition of Plaintiff Wendell Harp (which request was set forth in the Notice of Deposition served on April 18, 2005, see Exhibit A attached hereto)[1] was a brief email from Plaintiffs' counsel in the

---

[1] Four days after issuing the initial Notice of Deposition, Defendants issued an Amended Notice of Deposition on April 22, 2005, adding additional categories of requested documents to be

evening on May 25, 2005—two days before the scheduled deposition and over 5 weeks after notice of same had been served—in which Plaintiffs' counsel stated only "I spoke to Wendell [Harp] about the documents. He says you have almost all of them. There are a few, like tax returns, that we will not produce voluntarily." See Exhibit B, attached hereto. In response, the undersigned counsel explained that the requested tax returns are necessary because they are relevant to the issue of Plaintiffs' claimed damages. See id. Plaintiffs' counsel responded by emailing to undersigned counsel, at 8:19 p.m. on May 25, 2005, a copy of the instant Motion for Protective Order. See id. The aforementioned interaction with Defendants' counsel cannot be found to comply with Plaintiffs' good faith meet and confer obligation.[2]

Additionally, Plaintiffs failed to provide a privilege log, pursuant to Loc. R. D. Conn. 37(a)1, despite asserting claims of privilege and work product protection in response to Defendants' document requests. Finally, in order to be entitled to a protective order, Plaintiffs have the burden of establishing good cause for the order, which requires that Plaintiffs demonstrate "a clearly defined and serious injury." See Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25761, at * 3 (D. Conn. Dec. 12, 2001) ("A protective order issues on good cause shown by the moving party. A moving party may not establish good cause through conclusory statements. Good cause is established by demonstrating 'a clearly defined and serious injury' resulting from disclosure.") (citations omitted). Here, Plaintiffs' Motion for Protective Order fails to even identify any defined or serious injury to Plaintiffs as a result of the production of the

---

produced at the May 27, 2005 scheduled deposition of Plaintiff Wendell Harp. See Exhibit C. Mr. Harp did not produce the additional categories of requested documents.

[2] Plaintiffs also did not file a separate memorandum in connection with their Motion, in contravention of Loc. R. D. Conn. 37(a)3. Moreover, Plaintiffs' Motion fails to list verbatim the items of discovery opposed and also fails to include, as an exhibit, a copy of the discovery request in dispute, also in violation of Local Rule 37(a).

requested for documents set forth in the Amended Notice of Deposition. Accordingly, Plaintiff's Motion for Protective Order should be denied.

      B.      <u>Defendants Are Entitled to the Production of the Requested Documents Because They are Relevant to a Claim or a Defense of a Party</u>

A request for discovery seeks relevant material if it seeks information pertaining to a claim or defense of a party. Fed. R. Civ. P. 26(b)(1). In each instance, Defendants' requests described below seek relevant material.

      1.      <u>Plaintiffs' Tax Returns</u>

Plaintiffs' Complaint alleges that as a result of the termination of the architectural design contract for Prince Welch School, "plaintiffs are suffering and in the future will suffer substantial economic loss." Complaint ¶ 11. In Document Requests 15 and 16, Defendants request that each Plaintiff produce their tax returns "for the years 1997 – present and all documents that were used in the preparation of such tax returns." Plaintiffs have refused to produce these requested documents, claiming in their Motion for Protective Order that:

> Defendants further demand production of the tax returns of both plaintiffs from 1997 to the present. This is an outrageous invasion of privileged information, since the economic losses the plaintiffs assert in this action are solely those associated with the defendants' breach of their contract with the plaintiffs, which is a liquidated sum not related to the plaintiffs' other income.

Pls.' Motion for Protective Order, at 3.

Tax returns are properly subject to discovery during litigation provided they are relevant and the information is not otherwise available. <u>Gateggno v. Pricewaterhousecoopers, LLP</u>, 205 F.R.D. 70, 71-74 (D. Conn. 2001); <u>Connecticut Importing Co. v. Continental Distilling Corp.</u>, 1 F.R.D. 190, 192 (D. Conn. 1940) (denying motion for protective order re: tax returns because relevant to plaintiff's alleged damages and loss of profits). Notwithstanding Plaintiffs' claims

that they are entitled to a liquidated sum,[3] the proper basis of Plaintiffs' claimed damages is AECI's lost profit on the contract for the rendition of architectural services that is the subject of this action, which is measured by the contract price less the projected cost of completing the project. See Steeltech Building Products, Inc. v. Edward Sutt Assocs., 18 Conn. App. 469, 472 (1989); see also West Haven Sound Development Corp. v. West Haven, 201 Conn. 305, 319, 514 A.2d 734 (1986) ("The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed.").

Mr. Harp has not provided a damages analysis. Further, he testified on the first day of his deposition that he has not calculated AECI's lost profits as a result of the termination of the contract that is in issue in this case, but that it could be done based upon the costs for the project. (Tr. at 96, 97-8)[4] He also testified that AECI did not maintain a general ledger or cash flow statements, but rather that "We just do our tax returns." (Tr. at 95). He stated that AECI did not keep records of the costs for a particular project but that "we just do our tax statements" and that the costs for AECI for a particular year would be shown on the tax returns which show income and expenses. (Tr. at 96). Mr. Harp testified that the tax return would show AECI's costs, including the allocation of the rent to AECI in the building that he owns, the amount of worker's compensation paid for AECI employees and information about general expenditures (Tr. at 99, 100, 101). Mr. Harp also testified that during the period that AECI worked on the Prince Welch

---

[3] There is no provision for the payment of liquidated damages in the event of a breach of the contract at issue in this action, nor is such a form of damages appropriate in this case. Cf. CMG Realty of Connecticut, Inc. v. Colonnade One Ltd., 36 Conn. App. 653, 667 (1995) (liquidated damages as penalty for breach of contract enforceable where damages uncertain or difficult to prove, the parties entered into an agreement to liquidate damages in advance, and the amount stipulated was reasonable).

[4] Copies of the pages of the deposition cited in this brief are attached as Exhibit D.

School, it did not work on any other projects. ( Tr. at 91). Additionally, Mr. Harp testified that he personally worked extensively on the school project that is the subject of this case and both the salary paid to him from AECI, which he could not remember, and the profit paid to him as a result of AECI's activities, which he was not sure of, could be found in his and AECI's tax returns and not in any financial records (Tr. at 63-64, 76-78, 81, 97-98).

Accordingly, it is beyond peradventure that Defendants are entitled to the discovery of Mr. Harp's and AECI's tax returns, because they appear to be the sole source of information from which Plaintiffs' damages and alleged lost profits may be calculated.[5] Thus, Plaintiffs' tax returns are highly relevant to the issue of damages in this action, and Plaintiffs' Motion for Protective Order with respect thereto should be denied.

2.   Documents Concerning New-Prince Welch School

In Document Request number 8, Defendants request that Plaintiffs produce the documents in their possession concerning the New-Prince Welch School, including notes of all meetings concerning the school project in question. Plaintiffs seek a protective order with respect to the request for notes of all meetings, stating with respect to this request, writing:

> Defendants seek production of notes of all meetings concerning the school project in question, which request is so broad that it would include attorney-client and other privileged communications.

Pls.' Motion for Protective Order, at 2.

Defendants are confused with respect to Plaintiffs' position concerning this request. Although the documents requested in Request No. 8a and 8b are the subject of the instant protective order, at Mr. Harp's deposition, he testified that he had brought documents responsive to such requests. (Tr. at 33-35). To the extent that Plaintiffs did not produce all of the documents

---

[5] Plaintiffs' tax returns after the termination, in addition to bearing on Plaintiffs' estimated lost profits, also are relevant to the issue of mitigation of damages.

requested (and while Defendants do not seek documents appropriately characterized as privileged and would expect that Plaintiffs provide a privilege log with respect to these documents, pursuant to Loc. R. D. Conn. 37(a)1), any nonprivileged documents in Plaintiffs' possession regarding meetings concerning the school project in question which have not been produced are clearly relevant and should be produced. Plaintiffs offer no other basis upon which to withhold these documents, nor can they.

3. <u>AECI's Corporate Documentation</u>

In Production Requests 1-4, Defendants request that Plaintiffs produce the certificate of incorporation, the bylaws and the minute book of AECI, and the minute of AECI Board of Directors Meetings at which the New Prince-Welch School was mentioned or discussed. Plaintiffs have refused to produce these items writing:

> A. Defendants demand production of the certificate of incorporation of the Professional Corporation. This demand is improper because the certificate is a matter of public record available to the defendants and in any event is already in the possession of the defendants.
>
> B. Defendants demand production of the bylaws of the Professional Corporation. This demand is improper because there is no conceivable way in which such material could lead to the discovery of relevant or admissible evidence.
>
> C. Defendants demand production of the minute book of the Professional Corporation. Because the corporate plaintiff is not a public entity, such demand constitutes an attempt to obtain trade secrets the disclosure of which could inflict injury upon the plaintiff, while there is no possibility that any discoverable evidence would be contained within said minute book.
>
> D. Defendants seek production of notes of all meetings concerning the school project in question, which request is so broad that it would include attorney-client and other privileged communications.

Pls.' Motion for Protective Order, at 1-2.

Defendants seek this information because both Plaintiffs - Mr. Harp and AECI - are claiming damages as a result of the termination of the contract between AECI and the New

Haven Board of Education. Defendants seek to determine if AECI is truly a separate legal entity from Mr. Harp or, in fact, is an alter ego of Mr. Harp and that is the reason that Mr. Harp is requesting damages for the termination of a contract to which he is not a party.

Additionally, with respect to AECI's Certificate of Incorporation, contrary to Plaintiffs' assertions in their Motion for Protective Order, Mr. Harp testified at his deposition that he did not recall that the certificate of incorporation had been provided to any of the Defendants previously. (Tr. at 12). Further, the fact that Defendants may order a copy of the certificate of incorporation from the Connecticut Secretary of State does not permit Plaintiffs to withhold this document. Plaintiffs may only refuse to disclose material that is available from another source, if it is more convenient, less burdensome or less expensive for Defendants to obtain the certificate of incorporation from another source. 6 James Wm. Moore et al., Moore's Federal Practice § 26.06[3] at 26-206. Plaintiffs have not and nor could they produce any evidence that it would be more convenient, less burdensome or less expensive for Defendants to obtain AECI's Certificate of Incorporation from the Secretary of State's office.

With respect to the Minute Book, Mr. Harp's claim that such minute book contains trade secrets is belied by his testimony that he did not know if AECI had a minute book and if it did, he did not know what its contents were. (Tr. at 14-15). Finally, regarding Defendants' request for the minutes of Board of Director meetings, Defendants are confused about Plaintiffs' response to this request, because although Plaintiffs have objected to this request on the grounds that it requests attorney-client privileged matters, Mr. Harp testified that no such minutes exist. (Tr. at 15). If such documents exist, Plaintiffs are required to produce them unless they are privileged, in which case, Plaintiffs are required to produce a privileged log. Accordingly, Plaintiffs' Motion for Protective Order with respect to these requests should be denied.

4.  Tax Documentation

In Production Request Number 9, Defendants request that Plaintiffs produce documents concerning real or personal property taxes owed by Plaintiffs or any entity affiliated or owned or controlled by either of Plaintiffs during the period 1997-2003. Plaintiffs' objection to the production of these documents is as follows:

> Defendants seek production of "all documents concerning any real or personal property taxes owed by either Plaintiff or any entity affiliated with either or both Plaintiffs or owned or controlled by Plaintiff Wendell Harp to Defendant City of New Haven during the period 1997-2003, including without limitation taxes assessed with respect to any properties located on Lake Place, Dixwell Avenue, Whalley Avenue and/or Conrad Drive, any repayment agreement(s) with the City of New Haven and any default(s) under such payment agreement." The defendants already have such records, by definition, unless they are privileged communications, and none of such records could conceivable lead to the disclosure of admissible evidence in this case. Defendants seek only to harass the plaintiff Harp by this demand.

Pls.' Motion for Protective Order, at 2-3.

Defendants request this information because the design of the Prince-Welch School was delayed for over one year because Mr. Harp and certain of his affiliated companies failed to pay municipal taxes when due and failed to enter into a payment arrangement for such taxes during that time. Further, the fact that information sought may or may not be in the requesting party's possession is not a bar to discovery of relevant information. 6 Moore's Federal Practice, supra at § 26.06[3] at 26-206. Plaintiffs may certainly possess information with respect to Mr. Harp's delinquent tax situation, which Defendants do not have.

4.  Prior Litigation

Defendants seek in Production Request Number 10 documents concerning prior litigation brought against any of the Defendants by Plaintiffs or any affiliate or entity owned or controlled by Plaintiffs.

> Defendants further demand "[a]ll documents concerning any litigation, other than the above captioned matter and other than materials protected by the attorney-client privilege or the attorney work product privilege, brought against any of the Defendants by either or both Plaintiffs, any affiliate or parent of AECI or any entity controlled or owned by Plaintiff Wendell Harp." By definition, under this limitation, the defendants already possess all such documents. Accordingly, their demand that the plaintiff produce his copies of same is a bad faith attempt to harass the plaintiff.

Pls.' Motion for Protective Order, at 3.

Defendants seek this information in order to determine if Mr. Harp has a pattern of filing constitutional claims against any of the Defendants. Although Defendants may have certain of the more recent documents concerning Mr. Harp's litigation, they do not necessarily have all documents concerning such prior litigation, which has spanned many years. With respect to privileged documents, Defendants do not seek such information but also note that Plaintiffs have failed to produce a privilege log. Accordingly, Plaintiffs' Motion for Protective Order with respect to documents concerning prior litigation against Defendants should be denied.

5. <u>Attorney's Fees</u>

In Document Request Number 14, Defendants request documents concerning Plaintiffs' claims for damages and/or attorney's fees. Plaintiffs object to this request on the following grounds:

> Defendants further demand "[a]ll documents that support Plaintiffs' claims for…attorneys' fees." Discovery of attorney fee information is premature at this stage of the litigation and would necessarily invade the attorney-client privilege and attorney work product privilege at this stage of the litigation.
> Pls.' Motion for Protective Order, at 3.

Defendants seek discovery about attorney's fees at this time, because under the Court's Scheduling Order, discovery cannot be taken after July 1, 2005. Further, to the extent that information which supports Plaintiffs' claim for discovery is privileged, Defendants do not seek

such information, which may be redacted from the discoverable material, but note again that Plaintiffs are required to provide a privilege log, which they have not done.

Plaintiffs do not dispute that the requested material is relevant, and it is well established that if a party requests attorney's fees in its complaint, a defendant is entitled to discovery to determine if hours are excessive, redundant or unnecessary and if a plaintiff's counsel's rate is reasonable. See 6 Moore's Federal Practice, supra at § 26.46[2] at 26.146.29-26.146.35. Accordingly, unless the discovery deadlines in this case are extended to permit Defendants to take discovery about Plaintiffs' request for attorney's fees after the trial on the merits, Defendants are entitled to discovery on this issue at the present time.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion for Protective Order should be denied, Plaintiffs should be ordered to produce the requested documents, and Defendants should be permitted additional deposition time and should be permitted to resume Plaintiff's deposition after the discovery cut off date of July 1, 2005 in order to examine Mr. Harp following Plaintiffs' supplemental production.[6] Moreover, pursuant to Fed. R. Civ. P. 26(c), Defendants request that the Court award them their expenses, including reasonable attorney's fees, incurred in responding to Plaintiffs' Motion. See, 6 Moore's Federal Practice (3d ed. 2005) § 26.108[1]

---

[6] Specifically, Defendants request that they be permitted additional time, in excess of that allotted pursuant to the Rules, in which to examine Plaintiff Harp concerning any documents ordered produced following the Court's ruling on the instant Motion, due to the fact that Defendants were unable to review these documents with Plaintiff Harp during his scheduled deposition. Defendants further request that they be permitted to conduct the continued deposition of Plaintiff Harp after any discovery deadline, if such has passed when the documents are produced.

|     | DEFENDANTS,<br>JOHN DESTEFANO, CITY OF NEW HAVEN and NEW HAVEN BOARD OF EDUCATION |
|-----|---|
| By: | */s/ Carolyn W. Kone*<br>Carolyn W. Kone (ct 06207)<br>BRENNER, SALTZMAN & WALLMAN LLP<br>Their Attorneys<br>271 Whitney Avenue<br>New Haven, CT  06511<br>Tel. (203) 772-2600<br>Fax (203) 772-4008<br>Email:  ckone@bswlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was served this 17th day of June, 2005, by U.S. first class mail, postage prepaid, upon:

John R. Williams
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

_____
Carolyn W. Kone, Esq. (ct06207)