# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C., | : | |
| | : | CASE NO: 3:03CV977(CFD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION | : | |
| | : | |
| Defendants. | : | |
| | : | April 22, 2005 |

## AMENDED NOTICE OF DEPOSITION

Please take notice that pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Defendants will take the deposition upon oral examination and before proper authority on May 27, 2005 beginning at 10:00 a.m. of Plaintiff Wendell Harp, individually and as representative of Architects Environmental Collaborative International, P.C., at the offices of Brenner, Saltzman LLP, 271 Whitney Avenue, New Haven, CT 06511. Said deponent is to produce at the deposition for inspection, copying and other reproduction the documents listed in Schedule A attached hereto and incorporated herein by reference.

Testimony in the deposition will continue, if necessary, from day to day until completed.

                              DEFENDANTS,
                              JOHN DeSTEFANO, CITY OF NEW
                              HAVEN and NEW HAVEN BOARD OF
                              EDUCATION

        By:    _____
                              Carolyn W. Kone (ct 06207)
                              BRENNER, SALTZMAN & WALLMAN LLP
                              Their Attorneys
                              271 Whitney Avenue
                              New Haven, CT  06511
                              Tel. (203) 772-2600
                              Fax (203) 772-4008
                              Email:  ckone@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was served this 22nd day of April 2005,

by U.S. first class mail, postage prepaid, upon:

John R. Williams
Williams & Pattis
51 Elm St., Ste. 409
New Haven, CT 06510

and that a true and accurate copy of the foregoing was served this 22nd day of April, 2005, by

U.S. first class mail, postage prepaid, upon:

Martin S. Echter
Office of Corporation Counsel
City of New Haven
165 Church St.
New Haven, CT 06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

_____

Carolyn W. Kone, Esq. (ct06207)

## SCHEDULE A

DEFINITIONS

    1.     All terms shall be defined and construed as set forth in Local Rules 26(c) and 26(d) of the United States District Court, District of Connecticut, which read, in pertinent part:

    **(c)** The following definitions apply to all discovery requests:

        (1)    *Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

        (2)    *Document*. The term "document" is defined to be synonymous in meaning and equal in scope to usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

        (5).    For purposes of Local Rule 26(c)(5), the term Architects Environmental Collaborative International, P.C. or AECI means Architects Environmental Collaborative International, P.C., its officers, directors, employees, corporate parent, subsidiaries or affiliates.

        (6)    *Person*. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

        (7)    *Concerning*. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    **(d)** The following rules of construction apply to all discovery requests:

        (1)    *All/Each*. The terms "all" and "each" shall both be construed as all and each.

        (2)    *And/Or*. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

        (3)    *Number*. The use of the singular form of any word includes the plural and vice versa.

    2.     The term "New Prince-Welch School" refers to the project for the design of the new Prince-Welch School referred to in paragraph 7 of the Plaintiffs' Complaint.

DOCUMENTS REQUESTED

1.     The certificate of incorporation for AECI and any amendments or modifications thereof.

2.     The bylaws for AECI and any amendments or modifications thereof.

3.     The minute book for AECI.

4.     All minutes of AECI Board of Directors Meetings at which the New Prince-Welch School was mentioned or discussed.

5.     All documents concerning plaintiff Wendell Harp's public announcement of his support for the candidacy of Sherri Killins for Mayor of New Haven as alleged in paragraph 9 of Plaintiffs' Complaint, including without limitation published statements, newspaper articles, press releases, letters to the editor, audiotapes, videotapes, and any notes concerning such announcement.

6.     All contracts between AECI and the New Haven Board of Education for the design of the New Prince-Welch School and all amendments and modifications to such contracts.

7.     All documents concerning the agreement between Plaintiffs and Defendants alleged in paragraph 8 of Plaintiffs' Complaint under which according to Plaintiffs, Defendants agreed that Plaintiffs would continue to perform extensive services pursuant to the contract between AECI and the New Haven Board of Education for the design of the New Prince-Welch School, which services would address proposals by the Defendants to change their original specifications for the school, including without limitation emails and notes regarding any telephone calls or meetings regarding such alleged agreement.

8.     All documents concerning the New Prince-Welch School in Plaintiffs' custody or control, including without limitation:

a.     all documents, including e-mails, notes of meetings or telephone calls, minutes of meetings, letters concerning any communication between (i) either or both Plaintiffs and (ii) any of the Defendants;

b.     all documents, including e-mails, notes of meetings or telephone calls, minutes of meetings, letters concerning any communication between (i) either or both Plaintiffs and (ii) any of the following:

1.     the New Haven Public School District
2.     Any agent of any of the Defendants
3.     the City Wide School Building Committee
4.     the School Based Building Advisory Committee for the New Prince-Welch School
5.     the principal of the Welch School
6.     any teacher at the Welch School
7.     the principal of the Prince School

8.   any teacher at the Prince School
9.   Gilbane Building Co. and/or its employees
10.  Giordano Construction Co. and/or its employees
11.  Abidas Rodriquez
12.  Robin Bona
13.  Claude Watts
14.  Susan Weisselberg
15.  Thayer Baldwin
16.  Thomas Ude
17.  Dr. Reginald Mayo
18.  Samuel Foster
19.  Vivian Baker
20.  Robert Lynn
21.  Paul Guidone
22.  Thomas Roger
23.  Parshuran Joglekar
24.  Donna Chance Dowdie
25.  William Versace
26.  Dr. Edia Reyes
27.  Gina Wells
28.  Dr. Charles Warner
29.  Susan Whetstone
30.  Leida Pacini
31.  John Prokop
32.  David Alvardo
33.  Ram Joglekar
34.  Ron Markiewicz
35.  Ann-Marie DeGraffenreidt
36.  New Haven Preservation Trust
37.  City of New Haven Historic District Commission

c.    any emails, minutes or notes regarding meetings or telephone conversations concerning the New Prince-Welch School;

d.    any newspaper or magazine articles and/or editorials concerning the New Prince-Welch School;

e.    all drawings, reports, presentation boards, and studies, including drafts of such documents, of the New Prince-Welch School, including without limitation Educational Specification Studies, Site Options Analyses, Building Programs preliminary schematic designs, schematic designs, design documents, and construction documents;

f.    all contracts with consultants retained by AECI for the New Prince-Welch School and all correspondence or documents relating to communications with such consultants;

g.    all staffing plans of AECI for the New Prince-Welch School project;

h.    all appointment books, calendars, and Palm Pilot entries concerning any meetings and/or telephone calls concerning the New Prince-Welch School Project.

9.    All documents concerning any real or personal property taxes owed by either Plaintiff or any entity affiliated with either or both Plaintiffs or owned or controlled by Plaintiff Wendell Harp to Defendant City of New Haven during the period 1997-2003, including without limitation taxes assessed with respect to any properties located on Lake Place, Dixwell Avenue, Whalley Avenue and/or Conrad Drive, any repayment agreement(s) with the City of New Haven and any default(s) under such payment agreement.

10.    All documents concerning any litigation, other than the above captioned matter and other than materials protected by the attorney-client privilege or the attorney work product privilege, brought against any of the Defendants by either or both Plaintiffs, any affiliate or parent of AECI or any entity controlled or owned by Plaintiff Wendell Harp.

11.    All documents provided to either Plaintiff from the Defendant New Haven Board of Education or the New Haven Board of Education School Construction Project regarding the design process and/or requirements for the building and/or renovation of New Haven public schools.

12.    All documents regarding any hearings held by the Select Committee on Housing of the Connecticut Legislature on April 1, 2003.

13.    All documents that support Plaintiffs' claim in paragraph 11 of their Complaint that they are suffering and in the future will suffer substantial economic loss.

14.    All documents that support Plaintiffs' claims for compensatory and/or punitive damages and/or attorneys' fees.

15.    AECI's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.

16.    Wendell Harp's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.

17.    All reports of experts retained by Plaintiffs in connection with the above-captioned action.

18.    All statements given by any witness to the events alleged in Plaintiff's complaint.

19.    All contracts for architectural services for any New Haven School entered into by either Plaintiff.

20.    All contracts for architectural services for any school entered into by either Plaintiff from February 1997 – present.

21.    All records of costs incurred by either Plaintiff with respect to the provision of architectural services for the New Prince-Welch School, including without limitation invoices from subcontractors and time sheets of employees who provided services for such school.

22.    All documents that show any profit earned by AECI with respect to architectural services provided for the New Prince-Welch School.

23.    All records that show costs incurred by either Plaintiff for each New Haven public school for which either Plaintiff provided architectural services, including without limitation invoices from subcontractors and time sheets of employees who provided services for such school.

24.    All records that show income received by either Plaintiff in connection with any New Haven public school for which either Plaintiff provided architectural services.

25.    All records that show profits earned by either Plaintiff in connection with each New Haven public school for which either Plaintiff provided architectural services.

26.    All records that show costs incurred by either Plaintiff for each school for which either Plaintiff provided architectural services since January 1, 1997, including without limitation invoices from subcontractors and time sheets of employees who worked on each school.

27.    All records that show income received by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.

28.    All records that show profits earned by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.

29.    All budgets and financial statements of AECI, including without limitation Balance Sheets, Cash Flow Statements and Income Statements for the years 1997-present.