# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDELL HARP and | : | |
| ARCHITECTS ENVIRONMENTAL | : | |
| COLLABORATIVE INTERNATIONAL, P.C., | : | |
| | : | CASE NO: 3:03CV977(CFD) (DFM) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DeSTEFANO, | : | |
| CITY OF NEW HAVEN and | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | |
| | : | JUNE 30, 2005 |

## MOTION TO AMEND SCHEDULING DEADLINES

Pursuant to Local Rule 16(b), Defendants John DeStefano, Jr., City of New Haven and

the New Haven Board of Education ("Defendants"), through their undersigned counsel, hereby

move to modify the scheduling deadlines in effect for this action to extend the discovery

deadline until November 1, 2005 and to modify the other deadlines as set forth below.  Good

cause exists for the instant request, as the requested modification of the deadlines is necessary to

enable Defendants to complete discovery and prepare for trial due in part to Plaintiffs' failure

heretofore to cooperate in discovery by, *inter alia*: (i) refusing to produce documents in

connection with the properly noticed deposition of Plaintiff Wendell Harp; (ii) filing, on the eve

of Mr. Harp's long noticed deposition, a motion for protective order; (iii) after Plaintiffs' motion

was denied summarily by the Court, filing an untimely second motion for protective order with

respect to the same documents that were the subject of their first, unsuccessful, motion for

protective order; (iv) Mr. Harp's failing to appear for his continued deposition on June 21, 2005,

without notifying counsel; and (v) Plaintiffs' failure to disclose an expert, provide a damages

calculation, or produce requested documentation supporting their damages claim.  For these

reasons, discussed further below, Defendants request that the scheduling deadlines be modified

as set forth below.

The current schedule anticipates that discovery will be completed by July 1, 2005;

dispositive motions will be filed by August 1, 2005; and the Joint Trial Memorandum will be

filed by September 1, 2005.  Defendants move to modify the scheduled deadlines for this action

as follows:

    a.   All discovery, including expert discovery regarding liability and damages, shall be completed by November 1, 2005.

    b.   Plaintiffs shall disclose any experts, on both liability and damages, and shall provide reports from such retained experts by August 1, 2005.

    c.   Plaintiffs shall provide a damages analysis by August 1, 2005.

    d.   Depositions of Plaintiffs' experts shall be completed by September 1, 2005.

    e.   Defendants shall disclose any experts, on both liability and damages, and shall provide reports from such retained experts by October 1, 2005.

    f.   Depositions of Defendants' experts shall be completed by November 1, 2005.

    g.   Any dispositive motions shall be filed by December 1, 2005.

    h.   The joint trial memorandum shall be filed by January 16, 2006, or 30 days after the Court rules on any dispositive motions, whichever date is later.

This is the second request by Defendants to amend the scheduling order. Defendants have

been actively involved in discovery to date. On April 11, 2005, this Court granted Defendants'

first request that the initial deadlines set forth in the Report of Parties' Planning Meeting and

adopted by the Court be extended to permit Defendants' counsel to engage in pretrial discovery

following the resignation of Defendants' former counsel, Martin Echter, from his position as

Deputy Corporation Counsel.

On April 18, 2005, Defendants noticed the deposition of Mr. Harp, to be held on May 27,

2005.  Two days before the scheduled deposition, and without attempting to resolve the issues

with Defendants' counsel before seeking court intervention, Plaintiffs filed a motion for

protective order, objecting to the production of certain documents requested in connection with

Mr. Harp's deposition.  Plaintiffs' motion was denied by the Court, Smith, J., on June 21, 2005.

Plaintiffs still have failed to produce the requested documents.  Rather, Plaintiffs have just filed a

second, untimely, motion for protective order with respect to many of the same requested

documents.

Mr. Harp's deposition was not completed on May 27th, and he failed to appear for his

continued deposition on June 21, 2005, without notifying counsel.  Mr. Harp's deposition is now

scheduled for July 14, 2004, although Defendants may not be able to complete his deposition on

that date if Plaintiffs continue to refuse to produce the necessary documents.  In addition,

Plaintiffs on June 16, 2005 noticed the depositions of Claude Watt, a New Haven Board of

Education representative, Mayor John DeStefano, Jr., and the Superintendent of Schools, Dr.

Reginald Mayo. Counsel have been working on scheduling these depositions during July and

September.  Defendants' school representatives cannot be present at any depositions in August

because they are opening two new schools, have long planned vacations in the early part of the

month and have to get ready for school to be opened in the fall.

Additionally, Defendants require additional time in which to disclose their expert and

provide a report from such expert because Plaintiffs have not yet disclosed an expert, provided a

damages calculation or produced requested documentation supporting their damages claim.

In light of the above, Defendants seek until November 1, 2005 in order to complete their pretrial preparation following the conclusion of the deposition of Mr. Harp, to make the Mayor and the Superintendent available to Plaintiffs for deposition, to take additional depositions should Mr. Harp's deposition disclose information which indicates the necessity for such deposition and to disclose Defendants' damages expert report following Plaintiffs' disclosure of their damages calculation(s), and documentation in support thereof. Plaintiffs will consent to an extension of the discovery deadline in this case only to October 1, 2005. Such an extension, however, will not provide sufficient time to complete fact or expert discovery following the completion of Mr. Harp's deposition and Plaintiffs' disclosure of its damages calculation and supporting documentation—which it has not done to date, despite the current July 1, 2005 deadline for such disclosure.

WHEREFORE, Defendants move that the scheduling deadlines in effect for this action be modified as described above.

DEFENDANTS,
JOHN DESTEFANO, CITY OF NEW
HAVEN and NEW HAVEN BOARD OF
EDUCATION

By:     /s/ Rowena A. Moffett
Carolyn W. Kone (ct 06207)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax (203) 772-4008
Email: ckone@bswlaw.com
Email: rmoffett@bswlaw.com

99338602.DOC                    4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the original of the foregoing was served this 30th day of June, 2005,

by U.S. first class mail, postage prepaid, upon:


John R. Williams
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

_____/s/ Rowena A. Moffett_____
Rowena A. Moffett (ct19811)
