UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and : <br> ARCHITECTS ENVIRONMENTAL : <br> COLLABORATIVE INTERNATIONAL, P.C., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> JOHN DeSTEFANO, : <br> CITY OF NEW HAVEN and : <br> NEW HAVEN BOARD OF EDUCATION, : <br> : <br> Defendants. : <br> : | CASE NO: 3:03CV977(CFD) (TPS) <br><br><br><br><br><br><br><br><br><br><br> JULY 1, 2005 |

## **DEFENDANTS' OBJECTION TO SECOND MOTION FOR PROTECTIVE ORDER**

Defendants John DeStefano, City of New Haven and New Haven Board of Education ("Defendants") submit the instant memorandum in opposition to Plaintiffs' Second Motion for Protective Order dated June 25, 2005 (Doc. # 24). In their second motion seeking a protective order with respect to the deposition of Plaintiff Wendell Harp, which was held on May 27, 2005 and is scheduled to be continued on July 14, 2005, Plaintiffs now seek an order directing that certain of the documents requested as part of the deposition notice dated April 22, 2005 be placed under seal and that Defendants' access to such documents be severely limited in preparing for the trial of this action. Plaintiffs seek to prevent Defendants' counsel from showing such documents to any one outside of her law firm and from even photocopying such documents. As support for Plaintiffs' request, Plaintiffs misrepresent the record in this case and allege, without any factual support, that the requested materials "are highly confidential personal or trade secret materials the unnecessary disclosure of which would inflict substantial injury upon the plaintiffs

both personally and professionally." Pls.' Second Mot. Protective Order at 2. Plaintiffs' request is not only untimely, fails to comply with the Federal and Local Rules in the identical fashion as its earlier motion and lacks factual or legal support, but most significantly would result in Defendants being unable to use materials that are critical to their defense of this action with respect to both liability and damages. Although Defendants have offered to Plaintiffs that a reasonable protective order with respect to Plaintiffs' tax returns and financial statements could enter, Plaintiffs have ignored such offer and instead seek to preclude Defendants from using in any meaningful manner the material that this Court has ordered be provided to Defendants. Plaintiffs' attempt to preclude Defendants from making any meaningful use of the disclosed documents is in effect a disguised reargument of their initial motion for protective order without following the rules for a Motion for Reconsideration. For these reasons, discussed further below, Plaintiffs' motion should be denied.

## I.     BACKGROUND

This action is brought under 42 U.S.C. § 1983 by Plaintiffs, Wendell Harp and an architectural firm that Mr. Harp is the sole owner of, Architects Environmental Collaborative International, Inc. ("AECI"), alleging that Defendants violated Plaintiffs' First Amendment rights, because they terminated a contract between the New Haven Board of Education and AECI to design the Prince-Welch School, allegedly because of Mr. Harp and his wife's announced support of a challenger to Mayor DeStefano's bid for the Democratic nomination for Mayor of New Haven.

On April 18, 2005, Defendants issued a Notice of Deposition scheduling the deposition of Plaintiff Wendell Harp for May 27, 2005. See Exhibit A. Four days later, on April 22, 2005, Defendants issued an Amended Notice of Deposition adding additional categories of requested

documents to be produced at the May 27, 2005 scheduled deposition of Plaintiff Wendell Harp. See Exhibit B.[1]  More than five weeks later, on May 25, 2005, two days before the scheduled deposition and without attempting to confer with counsel for Defendants to attempt to resolve any disputed issues without Court action, Plaintiffs filed a Motion for Protective Order seeking to limit the materials that Plaintiffs are required to produce in connection with the deposition of Mr. Harp (the "First Motion").  In addition to being without merit, Plaintiffs' First Motion failed to comply with the Federal and Local Rules regarding motions for protective orders in that it was not accompanied by a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and, in fact, no such conference was ever held.  Fed. R. Civ. P. 26 (c); see D. Conn. Loc. R. 37(a)2 and 37(a)3. Plaintiffs also failed to file a separate memorandum in connection with their First Motion, in contravention of Loc. R. D. Conn. 37(a)3.  The Court, Smith, J., summarily denied Plaintiffs' First Motion on June 21, 2005.

After moving, unsuccessfully, for a protective order with respect to the deposition of Mr. Harp, Plaintiffs now move, once again, without conferring with Defendants' counsel, for a second protective order in connection with the same deposition and many of the same documents that were the subject of their First Motion.  Plaintiffs' Second Motion for Protective Order (the "Second Motion") is untimely, fails to comply with the Federal and Local Rules pertaining to such motions and is without merit.

---

[1] Mr. Harp did not produce the additional categories of documents at his deposition on May 27th, nor did he seek a protective order with respect thereto prior to his deposition.  Mr. Harp testified that he was unaware that there had been an Amended Notice of Deposition.  See Exhibit D, Harp. Dep. Tr. at 7-11.

## II.   ARGUMENT

### A.   Plaintiffs' Second Motion Misstates the Record

Apparently in an attempt to justify the untimely nature of their Second Motion, Plaintiffs claim that Defendants "dramatically expanded" the documents requested in their Renotice of Deposition issued following the Court's denial of Plaintiffs' First Motion on June 21, 2005.  Pls.' Second Mot. Protective Order at 1.  This is simply untrue, as Schedule A appended to Defendants' Notice of Continued Deposition issued on June 24, 2005 is identical to that appended to the deposition notice issued by Defendants on April 22, 2005, which was the subject of Plaintiffs' First Motion.  Compare Exhibit C with Exhibit B.  Indeed, the "expanded" document request has been the subject of much discussion between the parties since the document request was issued on April 22, 2005:

- At Mr. Harp's deposition on May 27, 2005, Mr. Harp failed to bring with him the additional categories of documents requested in the April 22, 2005 Amended Notice of Deposition (Document Request Nos. 19-29) because it apparently had not been shown to him by his counsel.  See Exhibit D at 7-11.

- In a letter to Plaintiffs' counsel dated June 2, 2005 enclosing a Notice of Continued Deposition of the same date (which included the identical document request as did the April 22, 2005 Amended Notice of Deposition), the undersigned counsel reminded Plaintiffs' counsel that Mr. Harp failed to bring the additional categories of documents set forth the Amended Notice of Deposition with him to his initial deposition, and requested that Plaintiffs provide the undersigned with the additional responsive documents in advance of the

- continued deposition of Mr. Harp. See Exhibit E. Plaintiffs still have not provided such documents.

- Defendants expressly noted in their objection dated June 17, 2005 to Plaintiffs' First Motion that Defendants issued an Amended Notice of Deposition on April 22, 2005 adding the additional categories of requested documents to be produced, and attached another copy of the Amended Notice of Deposition to their objection. See Defs.' Obj. Mot. Protective Order at 2, n.1 and Exhibit C thereto.

- When Mr. Harp failed to appear for his continued deposition on June 21, 2005, without notifying counsel, Plaintiffs' counsel agreed to produce the additional categories of documents requested in Document Request Nos. 19-29 in advance of Mr. Harp's rescheduled deposition. See Exhibit F, Para. 2.

Given the above, it is incredible that Plaintiffs would claim in their Second Motion that Defendants' "dramatically expanded" their document request following the Court's denial of Plaintiffs' First Motion on June 21, 2005. Thus, there can be no justification for Plaintiffs' delay in seeking the instant relief.

B.   Plaintiffs' Second Motion Fails to Comply with the Federal and Local Rules of Civil Procedure

As did Plaintiffs' First Motion, Plaintiffs' Second Motion fails to comply with the Federal and Local Rules regarding motions for protective orders. Notwithstanding the fact that Defendants pointed out Plaintiffs' good faith meet and confer requirements in Defendants' objection to Plaintiffs First Motion, Plaintiffs' Second Motion is not accompanied by a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and, in fact, no such conference was ever held. Fed. R. Civ. P. 26 (c); see D. Conn. Loc. R. 37(a)2 and 37(a)3. After

the Court denied Plaintiffs' First Motion, the undersigned counsel inquired of Plaintiffs' counsel when Plaintiffs would produce the disputed documents. See Exhibit F at 2. Plaintiffs' counsel did not respond, but instead filed the instant Second Motion. Once again, Plaintiffs' conduct in connection with its Second Motion does not satisfy Plaintiffs' meet and confer obligations.[2]

Additionally, Plaintiffs' Second Motion is untimely, in that it was not made prior to the date set for producing the subject discovery, i.e., by the date of Mr. Harp's deposition on May 27, 2005. See 6 James Wm. Moore, Moore's Federal Practice (3d ed. 2005) § 26.102[2] ("A motion for protective order is timely if made prior to the date set for producing discovery. In the case of a deposition, a Rule 26(c) protective order should be sought before the deposition begins.") For these reasons alone, Plaintiffs' Second Motion should be denied.

      C.      Good Cause Does Not Exist for Plaintiffs' Second Motion Because Plaintiffs Have Not Identified any Defined and Serious Injury that Would Result from the Disclosure of the Requested Documents

In order to be entitled to a protective order, Plaintiffs have the burden of establishing good cause for the order, which requires that Plaintiffs demonstrate "a clearly defined and serious injury." See Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25761, at * 3 (D. Conn. Dec. 12, 2001) ("A protective order issues on good cause shown by the moving party. A moving party may not establish good cause through conclusory statements. Good cause is established by demonstrating 'a clearly defined and serious injury' resulting from disclosure.") (citations omitted). With respect to Plaintiffs' conclusory assertion that the requested documents are confidential personal or trade secret materials, in order to demonstrate good cause under Rule 26(c)(7), Plaintiffs must show "that the information sought is a trade secret or other confidential

---

[2] Once again, Plaintiffs failed to file a separate memorandum in connection with their Motion, in contravention of Loc. R. D. Conn. 37(a)3, and their Second Motion fails to list verbatim the items of discovery opposed, also in violation of Local Rule 37(a).

information, and that the harm caused by its disclosure outweighs the need of the party seeking disclosure." 6 Moore's Federal Practice § 26.105[8][a]; Bank of New York v. Meridian Biao Bank Tanz. Ltd., 171 F.R.D. 135, 143 (S.D.N.Y. 1997) (moving party must establish that information is confidential and that disclosure will result in clearly defined and serious injury to its business). Here, Plaintiffs' Second Motion fails to even identify any defined or serious injury to Plaintiffs as a result of the production of the requested documents set forth in the Notice of Continued Deposition and, in fact, many of these documents already have been produced. Moreover, as discussed below, none of the requested documents at issue warrants the confidential treatment that Plaintiffs seek.

      1.     Plaintiffs' tax returns, budgets and financial statements

In Document Request Nos. 15 and 16, Defendants request that each Plaintiff produce their tax returns "for the years 1997 – present and all documents that were used in the preparation of such tax returns." Document Request No. 29 requests "[a]ll budgets and financial statements of AECI, including without limitation Balance Sheets, Cash Flow Statements and Income Statements for the years 1997-present." As explained in Defendants' objection to Plaintiffs' First Motion, Defendants are entitled to the discovery of Mr. Harp's and AECI's tax returns, because they appear to be the sole source of information from which Plaintiffs' damages and alleged lost profits may be calculated, and they are also relevant to the issue of mitigation of damages. The relief sought by Plaintiffs in the instant motion would unduly restrict Defendants' ability to assess Plaintiffs' claimed lost profits and to challenge Plaintiffs' damages through motion practice and at trial. In order to adequately assess Plaintiffs' claimed lost profits, it will be necessary for the undersigned to review Plaintiffs' tax returns with the Defendants' representatives with knowledge of the project in question, and also with Defendants' damages

expert. Moreover, these documents likely will be introduced at trial, included in Defendants' expert damages report and set forth in Defendants' pre-trial filings, including Defendants' pretrial memorandum. As with Plaintiffs' tax returns, it will be necessary for Defendants' counsel to review Plaintiffs' budgets and financial statements, to the extent they exist,[3] with Defendants' representatives and their expert in order to adequately assess Plaintiffs' damages claim. Plaintiffs' attempt in the instant Motion to foreclose Defendants' ability to review these documents with the necessary parties is untenable and is a disguised effort to in effect withhold these document.

It should be noted that the undersigned offered to agree to a reasonable protective order concerning Plaintiffs' tax returns in an email to Plaintiffs' counsel on May 25, 2005. See Exhibit G. Plaintiffs' counsel never responded to such offer. Further, Plaintiffs failed to raise their instant request for a protective order in connection with their First Motion seeking protection from disclosure of these same documents.

In the event that the Court determines that some additional protection from disclosure to third parties is warranted for Plaintiffs' tax returns, notwithstanding Plaintiffs' failure to attempt to negotiate this issue without Court involvement and Plaintiffs' failure to raise this issue in their First Motion concerning these same documents, the terms of such protective order must enable Defendants to share Plaintiffs' tax returns and financial records with at least the following: (i) Defendants' in-house attorneys who are assisting in discovery or in the preparation of this action for trial, Defendants' attorneys who have filed appearances in this action, and the support staffs

---

[3] Mr. Harp testified at this deposition that that AECI did not maintain a general ledger or cash flow statements, but rather that "We just do our tax returns." Exhibit D at 95. He further stated that AECI did not keep records of the costs for a particular project but that "we just do our tax statements" and that the costs for AECI for a particular year would be shown on the tax returns which show income and expenses. Id. at 96.

of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) assisting in discovery or in the preparation or trial of this action; (ii) any testifying or consulting expert; (iii) the Defendants, and in the case of the City of New Haven and the New Haven Board of Education, representatives of those Defendants with knowledge of the events at issue; (iv) the Court and its personnel and any Jury impaneled in this action; (v) court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in this action; and (vi) any other person authorized by written agreement of the parties or by order of the Court.

    2.    <u>AECI minute book and minutes of AECI Board of Directors meetings at which the New Prince-Welch School was mentioned or discussed</u>

Document Request No. 3 requests "[t]he minute book for AECI." Document Request No. 4 requests "[a]ll minutes of AECI Board of Directors Meetings at which the New Prince-Welch School was mentioned or discussed." Plaintiffs offer no reason why these documents would contain confidential or trade secret information. With respect to the minute book, Mr. Harp's claim that such minute book contains trade secrets is belied by his testimony that he did not know if AECI had a minute book and if it did, he did not know what its contents were. <u>See</u> Exhibit D at 14-15. Regarding Defendants' request for the minutes of Board of Director meetings, Defendants are confused about Plaintiffs' claim that these documents contain confidential or trade secret information, because Mr. Harp testified that no such minutes exist. <u>See</u> Exhibit D at 15. Failing to identify any "clearly defined and serious injury" resulting from disclosure of these documents, Plaintiffs have not established the requisite good cause for the requested protective order with respect to these document requests. Further, this Court has

already denied Plaintiffs' First Motion with respect to the same documents. Thus, Plaintiffs' Second Motion with respect thereto should be similarly denied.

    3.    <u>Documentation regarding meetings or conversations concerning the New Prince-Welch School Project</u>

Document Request Nos. 8(c) and (h) request "any emails, minutes or notes regarding meetings or telephone conversations concerning the New Prince-Welch School" and "all appointment books calendars, and Palm Pilot entries concerning any meetings and/or telephone calls concerning the New Prince-Welch School Project". As an initial matter, Defendants note that at Mr. Harp's deposition, he testified that he had brought all documents in his possession responsive to such requests, and neither he nor his counsel indicated that any of the responsive documents contained confidential or trade secret information. <u>See</u> Exhibit D at 35, 41-42. To the extent that Plaintiffs did not produce all of the documents requested (and while Defendants do not seek documents appropriately characterized as privileged and would expect that Plaintiffs provide a privilege log with respect to these documents, pursuant to Loc. R. D. Conn. 37(a)1), Plaintiffs offer no reason to find that such documents would contain confidential or trade secret information. These documents, to the extent they have not been produced, are essential to the defense of this action as they bear directly on the issue of why Plaintiffs' contract was terminated. This Court has already ruled that such documents must be provided. Thus, Plaintiff's Second Motion should be denied with respect to any such documents.

    4.    <u>Contracts with consultants retained by AECI for New Prince-Welch School</u>

Document Request No. 8(f) requests "all contracts with consultants retained by AECI for the New Prince-Welch School and all correspondence or documents relating to communications with such consultants." Once again, Mr. Harp testified at his deposition that he produced all documents responsive to this request, and neither he nor his counsel raised any confidentiality or

trade secret concerns. See Exhibit D at 37-38. Indeed, the contract between AECI and the New Haven School District expressly requires that AECI disclose to the School District the terms of AECI's contracts with its consultants. See Exhibit H, Supplemental Conditions at 10-11, Art. 3, Subparagraph 3.4.24. Once again, Plaintiffs have offered no reason why these documents would contain confidential or trade secret information, and their Second Motion should be denied with respect thereto.[4]

### 5. Property tax documents

Document Request No. 9 seeks documents concerning real or personal property taxes owed by Plaintiffs or any entity affiliated or owned or controlled by either of Plaintiffs during the period 1997-2003. As explained in Defendants' objection to Plaintiffs' First Motion with respect to these same documents, Defendants request this information because the design of the Prince-Welch School was delayed for over one year because Mr. Harp and certain of his affiliated companies failed to pay municipal taxes when due and failed to enter into a payment arrangement for such taxes during that time. This Court has already ruled that such documents must be produced. It is difficult to understand how Plaintiffs can claim that these documents contain confidential trade secrets. Plaintiffs' property taxes are a matter of public record, and Defendant City of New Haven was a party to the repayment agreement. Thus, Plaintiffs cannot meet their burden of establishing good cause for a protective order with respect to disclosure of these documents to the Defendants in this litigation, and Plaintiffs' Second Motion should be denied with respect thereto.

## III. CONCLUSION

---

[4] Plaintiffs' First Motion did not address Request No. 8(f). Defendants find it strange that these documents, which were not heretofore considered by Plaintiffs to contain trade secrets, now are all of a sudden deemed to contain confidential information.

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Second Motion for Protective Order should be denied in its entirety, Plaintiffs should be ordered to produce the requested documents at least one week in advance of Mr. Harp's continued deposition, and Defendants should be permitted additional deposition time and should be permitted to resume Plaintiff's deposition after any discovery cut off date in order to examine Mr. Harp following Plaintiffs' supplemental production.[5]  Further, Defendants should be permitted to finish Mr. Harp's deposition prior to Plaintiffs taking the depositions that they have noticed.[6]  Moreover, pursuant to Fed. R. Civ. P. 26(c), Defendants request that the Court award them their expenses, including reasonable attorney's fees, incurred in responding to Plaintiffs' Second Motion, particularly in light of its unreasonable and untimely nature, its failure to comply with the Federal and Local Rules regarding such motions (after Defendants pointed out said requirements in their objection to Plaintiffs' First Motion), and its gross misstatement of the record discussed above.  See 6 Moore's Federal Practice (3d ed. 2005) § 26.108[1] (court may award expenses incurred in relation to a motion for protective order, including attorneys' fees, to the prevailing party).[7]

---

[5] Specifically, Defendants request that they be permitted additional time, in excess of that allotted pursuant to the Rules, in which to examine Plaintiff Harp concerning any documents ordered produced following the Court's ruling on the instant Motion, due to the fact that Defendants were unable to review these documents with Plaintiff Harp during his scheduled deposition.  Defendants further request that they be permitted to conduct the continued deposition of Plaintiff Harp after any discovery deadline, if such has passed when the documents are produced.

[6] The discovery cut off date is currently July 1, 2005.  Defendants have moved to amend the scheduling order to extend the discovery cut off date to November 1, 2005.  Mr. Harp's deposition is noticed for July 14, 2005.  Plaintiffs have noticed the depositions of Claude Watt for July 19, 2005, Mayor DeStefano for July 21, 20005 and Dr. Reginald Mayo for September 7, 2005.

[7] In its ruling on Plaintiffs' First Motion, this Court deferred a decision on Defendants' request for attorney's fees until the end of the case.

        DEFENDANTS,
        JOHN DESTEFANO, CITY OF NEW
        HAVEN and NEW HAVEN BOARD OF
        EDUCATION

By:   /s/ Carolyn W. Kone
        Carolyn W. Kone (ct 06207)
        BRENNER, SALTZMAN & WALLMAN LLP
        Their Attorneys
        271 Whitney Avenue
        New Haven, CT  06511
        Tel. (203) 772-2600
        Fax (203) 772-4008
        Email:  ckone@bswlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the original of the foregoing was served this 1st day of July, 2005, by

U.S. first class mail, postage prepaid, upon:

John R. Williams
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

                                        /s/ Carolyn W. Kone
                                    Carolyn W. Kone, Esq. (ct06207)