# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and <br> ARCHITECTS ENVIRONMENTAL <br> COLLABORATIVE INTERNATIONAL, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DeSTEFANO, <br> CITY OF NEW HAVEN and <br> NEW HAVEN BOARD OF EDUCATION <br><br> Defendants. | CASE NO: 3:03CV977(CFD) <br><br><br><br><br><br><br><br><br><br> August 16, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

I.     INTRODUCTION

Defendants, John DeStefano, City of New Haven and New Haven Board of Education (collectively "Defendants"), hereby submit the instant memorandum in support of their Motion for Sanctions pursuant to Fed. R. Civ. P. 37 based upon Plaintiffs' failure to produce certain documents requested in Defendants' Notices of Deposition, despite the denial of two motions for protective order filed by Plaintiffs with respect to some of the production requests. Defendants seek monetary sanctions as well as an order permitting them to continue Plaintiffs' deposition within 7 days of the production of the documents that Plaintiffs have not produced and an order extending the period of time for disclosure of Defendants' damages expert and such expert's report.

II.  BACKGROUND

This is an action brought under 42 U.S.C. § 1983 by Plaintiffs, Wendell Harp and an architectural firm that Mr. Harp is the sole owner of, Architects Environmental Collaborative International, Inc. ("AECI"), alleging that Defendants violated Plaintiffs' First Amendment rights, because they terminated a contract between the New Haven Board of Education and AECI to design the Prince-Welch School, allegedly because Mr. Harp and his wife's announced support of a challenger to Mayor DeStefano's bid for the Democratic nomination for Mayor of New Haven.

On April 18, 2005, Defendants issued a Notice of Deposition scheduling the deposition of Plaintiff Wendell Harp for May 27, 2005. The Notice of Deposition included a request for documents made pursuant to Fed. R. Civ. P. 30(b)(5). On April 22, 2005, Defendants issued an Amended Notice of Deposition ("Amended Notice") adding additional categories of requested documents to be produced at the May 27, 2005 scheduled deposition of Plaintiffs. The Amended Notice of Deposition is attached hereto as Exhibit A. More than five weeks later, on May 25, 2005, two days before the scheduled deposition, Defendants filed a Motion for Protective seeking a protective order with respect to a number of the items requested in the Amended Notice, including items nos. 1, 9, 10, 14, 15, and 16,[1] which are the subject of the instant Motion

---

[1] These items are as follows:
1. The certificate of incorporation for AECI and any amendments or modifications thereof.
9. All documents concerning any real or personal property taxes owed by either Plaintiff or any entity affiliated with either or both Plaintiffs or owned or controlled by Plaintiff Wendell Harp to Defendant City of New Haven during the period 1997-2003, including without limitation taxes assessed with respect to any properties located on Lake Place, Dixwell Avenue, Whalley Avenue and/or Conrad Drive, any repayment agreement(s) with the City of New Haven and any default(s) under such payment agreement.

for Sanctions (the "First Protective Order Motion"). With respect to items 19-20 and 23-29[2], which are also the subject of this Motion, Plaintiffs did not file any response to the document requests and did not produce these items at Mr. Harp's deposition[3] or at any time thereafter.

---

10. All documents concerning any litigation, other than the above captioned matter and other than materials protected by the attorney-client privilege or the attorney work product privilege, brought against any of the Defendants by either or both Plaintiffs, any affiliate or parent of AECI or any entity controlled or owned by Plaintiff Wendell Harp.
14. All documents that support Plaintiffs' claims for compensatory and/or punitive damages and/or attorneys' fees.
15. AECI's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.
16. Wendell Harp's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.

[2] These items are as follows:
19. All contracts for architectural services for any New Haven School entered into by either Plaintiff.
20. All contracts for architectural services for any school entered into by either Plaintiff from February 1997 – present.
23. All records that show costs incurred by either Plaintiff for each New Haven public school for which either Plaintiff provided architectural services, including without limitation invoices from subcontractors and time sheets of employees who provided services for such school.
24. All records that show income received by either Plaintiff in connection with any New Haven public school for which either Plaintiff provided architectural services.
25. All records that show profits earned by either Plaintiff in connection with each New Haven public school for which either Plaintiff provided architectural services.
26. All records that show costs incurred by either Plaintiff for each school for which either Plaintiff provided architectural services since January 1, 1997, including without limitation invoices from subcontractors and time sheets of employees who worked on each school.
27. All records that show income received by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.
28. All records that show profits earned by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.
29. All budgets and financial statements of AECI, including without limitation Balance Sheets, Cash Flow Statements and Income Statements for the years 1997-present.

[3] Mr. Harp testified on the first day of his deposition that he was unaware of the request for those documents. (See Exhibit B, Harp. Dep. Tr. at 7-11).

Mr. Harp's deposition, which was not concluded on May 27, 2005, was continued until June 21, 2005. On June 2, 2005, the undersigned counsel sent a Notice of Continued Deposition to Plaintiffs' counsel and reminded Plaintiffs' counsel that Plaintiffs had failed to bring items 19-29 to the initial deposition and requested that Plaintiffs provide the undersigned with such documents in advance of the June 21, 2005 deposition session to expedite the deposition (See Exhibit A to Affidavit of Carolyn W. Kone.) On June 21, the Court (Smith, J.) denied the First Protective Order Motion. On that date, Mr. Harp did not appear for his continued deposition session, because his counsel's office had apparently not advised him of the deposition date.

On June 24, 2005, the undersigned wrote to Plaintiffs' counsel confirming what she thought to be the agreement of counsel that the documents listed in items 19-29 be produced and asking that such items be produced no later than July 11, 2005. The undersigned also requested that the items that were the subject of the First Motion for Protective Order be produced no later than July 5, 2005. (See Exhibit B to Kone Aff.). These documents were not produced. Rather on June 25, 2005, Plaintiffs filed a second motion for a protective order seeking a protective order preventing Defendants' counsel from showing the documents listed in items 3, 4, 8c, 8f, 8h, 9, 15, 16 and 29 to anyone outside of her law offices and from photocopying these documents. ("Plaintiffs Second Motion for Protective Order"). On July 11, 2005, the undersigned again wrote to Plaintiffs' counsel requesting that the documents that were not the subject of any motion for a protective order be produced as agreed to by Plaintiffs' counsel and that the documents that were the subject of the First Motion for Protective Order be produced. (See Exhibit C to Kone Aff.). On July 13, 2005, the undersigned again wrote to Plaintiffs' counsel requesting that the documents that were the subject of the Second Motion for Protective Order be produced at the continued session of Mr. Harp's deposition on July 14, 2005. (See Exhibit D to Kone Aff.).

Several drawings responsive to item no. 8e along with documents responsive to items that are not the subject of this Motion for Sanctions were produced either the day before the deposition or after the lunch break during the deposition. However, none of the documents that are the subject of this Motion, including items 1, 10, 14, 19-20, 23-28, which were not even the subject of Plaintiffs' Second Motion for Protective Order, were produced at the continuation of Plaintiffs' deposition, other than certain drawings requested in item 8(e), and have not been produced to date.

At the continuation of Mr. Harp's deposition on July 14, 2005, the parties agreed that the undersigned would draft a confidentiality agreement with respect to items 15 and 16 (Mr. Harp's and AECI's tax returns and the documents used to prepare such returns) and if it were acceptable to Plaintiffs, the tax returns would be produced and Mr. Harp's deposition would be continued so that he could be questioned about the returns. The undersigned thereafter drafted a confidentiality agreement to cover items 15, 16 and renoticed Mr. Harp's deposition for August 3, 2005. In the cover letter accompanying the confidentiality agreement, the undersigned again requested that items 8e, 19-20, 23-28 be produced before the continuation of the deposition. (See letter attached as Exhibit E to Kone Aff.)

Mr. Harp's deposition was continued until August 19, 2005 at the request of the undersigned counsel. In the cover letter that accompanied the Notice of Continued Deposition, the undersigned enclosed a copy of her July 25, 2005 letter regarding the production of documents requested in the Notices of Deposition. (See Exhibit F to Kone Aff.). On August 3, 2005, Plaintiffs' counsel responded by writing that no additional documents would be produced until the Court ruled on the Second Motion for Protective Order. (See Exhibit G to Kone Aff.).

On August 4, 2005, the undersigned again wrote to Plaintiffs' counsel in an attempt to resolve these issues without court intervention. (See Exhibit H to Kone Aff.).

Thereafter, on August 4, 2005, the Court denied Plaintiffs' Second Motion for a Protective Order. (Smith, J.) On August 6, 2005, the undersigned wrote to Plaintiffs' counsel again requesting the documents listed in the Notices of Deposition by August 10, 2005. (See Exhibit I to Kone Aff.). Subsequently, in a series of e-mails, Plaintiffs agreed to produce the documents listed in items 9, 10, 15, 16, and 29 but refused, despite repeated requests, to state when such documents will be produced. (See Exhibit J to Kone Affidavit). With respect to items 1, 14, the balance of documents in 8e, 19-20 and 23-28, Plaintiffs have not indicated that such documents will ever be produced.[4] Additionally, despite the denial of two Motions for Protective Order, plaintiffs have recently requested that Defendants execute a confidentiality agreement that would severely limit Defendants' ability to use the information being requested, including not being able to disclose Plaintiffs' tax returns to this Court. (See Exhibit J to Kone Aff.).

III.   DISCUSSION

Fed. R. Civ. P. 30(b)(5) states that a "notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." "A party served with a document request under Rule 30(b)(5) or Rule 34 is required to respond." Badalamenti v. Dunham's Inc., 896 F.2d 1359, 1362 (Fed. Cir. 1990), cert denied, 498 U.S. 851 (1990). The failure to respond to a document request made under Rule 30(b)(5) is punishable by sanctions under Fed. R. Civ. P. 37(d). EEOC v. Thurston Motor Lines, Inc., 124 F.R.D. 110, 115

---

[4] Plaintiffs and their counsel have represented either in emails or at Mr. Harp's deposition that the following items that were the subject of their Motions for Protective Order either have been produced or not within Plaintiffs' possession – items 2, 3, 4, 8a, 8b, 8c, 8f, 8h, 21, and 22.

(M.D. N.C. 1989)(failure to designate witness to be deposed under Rule 30(b)(6) and to produce documents listed in notice of deposition under Rule 30(b)(5) warranted imposition of sanctions).

Fed. R. Civ. P. 37(d) provides in relevant part:

> If a party or an officer, director, or managing agent of a party . . . fails (3) to serve a written response to a request for inspection under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . .In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expense, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Under Rule 37(d), once a motion for a protective order is denied, "that source of possible excuse [for not responding to a discovery probe] disappears. . . ." 7 James Wm. Moore, Moore's Federal Practice § 37.94 (3d Ed. 2005); Fed. R. Civ. P. 37(d) advisory committee's note (1993)("The last sentence of this subdivision [37(d)] is revised to clarify that it is the pendency of a motion for protective order that may be urged as an excuse for a violation of subdivision (d). If a party's motion has been denied, the party cannot argue that its subsequent failure to comply would be justified.").

Further, where a protective order has been denied and the party to whom the discovery request still does not disclose the materials requested, at least one court has held that sanctions pursuant to Fed. R. Civ. P. 37(b)(2) are properly imposed. Donovan v. Gingerbread House, Inc., 106 F.R.D. 57, 58-59 (D.Colo. 1985).

Here, with respect to items nos. 19-20 and 23-29, Plaintiffs have completely failed to file any response. Therefore, sanctions are properly imposed against Plaintiffs pursuant to Fed. R. Civ. P. 37(d).

With respect to items 1, 10 and 14, these items, which were the subject of Plaintiffs' First Motion for a Protective Order but not their Second Motion for Protective Order, were due on June 21, 2005, when Plaintiffs' First Motion for Protective Order was denied. To date, these items have not been produced, and Plaintiffs have not indicated with respect to items 1 and 14 that such items will ever be produced and with respect to item 10 when such documents will be produced. Accordingly, under Rules 37(b)(2) and (d), sanctions must be imposed for the failure to disclose these documents.

Finally, with respect to items 9, 15, 16 and 29, these items were due at the latest on August 4, 2005, when Plaintiffs' Second Motion for Protective Order was denied. Although Plaintiffs initially indicated that these items will be produced at some indeterminate time in the future, at least with respect to items 15 and 16, Plaintiffs are now demanding that Defendants execute a confidentiality agreement that would unduly restrict the use of such documents. Defendants have an immediate need for these documents now because Mr. Harp's continued deposition session is scheduled for August 19, 2005. In addition, Defendants' expert disclosure is due on October 1, 2005. The failure of Plaintiffs to produce documents requested in items 15-16, 19-20, 23-29 have severely impeded Defendants in retaining an expert witness in damages and having such expert prepare a report. This failure is compounded by the fact that Plaintiffs have failed to disclose a damages analysis on August 1, 2005 as required by the Amended Scheduling Order (See Defendants' Motion for Order and Sanctions dated August 3, 2005). Defendants' disclosure of their expert and such expert's report is currently due on October 1, 2005. Defendants simply cannot comply with this scheduling order in the absence of the critical information that their expert requires. Accordingly, Defendants request that the Scheduling Order be further amended to provide that Defendants disclose their expert and the expert's report

60 days after the later of (i) Plaintiffs' disclosure of its damages analysis or (ii) Plaintiffs' full compliance with the disclosure of documents required in items 15-16, 19-20 and 23-29. Defendants further request that the discovery deadline be extended from November 1, 2005 until 30 days after such date of disclosure with dispositive motions due 30 days thereafter and the trial memorandum due 45 days after the dispositive motions are decided.

Additionally, the failure of Plaintiffs to produce the documents that are the subject of this Motion has impeded Defendants in their ability to effectively examine Mr. Harp at his deposition. Defendants request that Mr. Harp be ordered to appear for a continuation of his deposition no sooner than 7 days after he produces in full the documents that are the subject of this Motion.

Finally, Defendants have incurred significant expense in compelling the production of the documents that are listed in the Notice of Deposition and the Amended Notice of Deposition. Defendants have successfully opposed the First Motion for Protective Order and the Second Motion for Protective Order. In addition, Defendants' counsel has written eight letters, five emails and a confidentiality agreement in an effort to obtain these documents without court intervention. Under these circumstances, it is just to award Defendants the costs of these efforts.

## IV.   CONCLUSION

For the foregoing reasons, Defendants request that their Motion for Sanctions be granted and that the relief requested in their Motion be awarded.

DEFENDANTS,
JOHN DeSTEFANO, CITY OF NEW
HAVEN and NEW HAVEN BOARD OF
EDUCATION

By: _/s/ Carolyn W. Kone_
Carolyn W. Kone (ct 06207)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax (203) 772-4008
Email: ckone@bswlaw.com
Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was served this 16th day of August, 2005, by U.S. first class mail, postage prepaid, upon:

John R. Williams
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

_____
Carolyn W. Kone, Esq. (ct06207)