# EXHIBIT A

Case 3:03-cv-00977-CFD    Document 35    Filed 08/18/2005    Page 1 of 14

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION<br><br>Defendants. | CASE NO: 3:03CV977(CFD)<br><br><br><br><br><br><br><br><br><br><br>April 22, 2005 |

### AMENDED NOTICE OF DEPOSITION

Please take notice that pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Defendants will take the deposition upon oral examination and before proper authority on May 27, 2005 beginning at 10:00 a.m. of Plaintiff Wendell Harp, individually and as representative of Architects Environmental Collaborative International, P.C., at the offices of Brenner, Saltzman LLP, 271 Whitney Avenue, New Haven, CT 06511. Said deponent is to produce at the deposition for inspection, copying and other reproduction the documents listed in Schedule A attached hereto and incorporated herein by reference.

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was served this 22nd day of April 2005, by U.S. first class mail, postage prepaid, upon:

John R. Williams
Williams & Pattis
51 Elm St., Ste. 409
New Haven, CT 06510

and that a true and accurate copy of the foregoing was served this 22nd day of April, 2005, by

U.S. first class mail, postage prepaid, upon:

Martin S. Echter
Office of Corporation Counsel
City of New Haven
165 Church St.
New Haven, CT 06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

_____
Carolyn W. Kone, Esq. (ct06207)

## SCHEDULE A

DEFINITIONS

1.  All terms shall be defined and construed as set forth in Local Rules 26(c) and 26(d) of the United States District Court, District of Connecticut, which read, in pertinent part:

(c) The following definitions apply to all discovery requests:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(5). For purposes of Local Rule 26(c)(5), the term Architects Environmental Collaborative International, P.C. or AECI means Architects Environmental Collaborative International, P.C., its officers, directors, employees, corporate parent, subsidiaries or affiliates.

(6) *Person.* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) *All/Each.* The terms "all" and "each" shall both be construed as all and each.

(2) *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(3) *Number.* The use of the singular form of any word includes the plural and vice versa.

2. The term "New Prince-Welch School" refers to the project for the design of the new Prince-Welch School referred to in paragraph 7 of the Plaintiffs' Complaint.

DOCUMENTS REQUESTED

1. The certificate of incorporation for AECI and any amendments or modifications thereof.

2. The bylaws for AECI and any amendments or modifications thereof.

3. The minute book for AECI.

4. All minutes of AECI Board of Directors Meetings at which the New Prince-Welch School was mentioned or discussed.

5. All documents concerning plaintiff Wendell Harp's public announcement of his support for the candidacy of Sherri Killins for Mayor of New Haven as alleged in paragraph 9 of Plaintiffs' Complaint, including without limitation published statements, newspaper articles, press releases, letters to the editor, audiotapes, videotapes, and any notes concerning such announcement.

6. All contracts between AECI and the New Haven Board of Education for the design of the New Prince-Welch School and all amendments and modifications to such contracts.

7. All documents concerning the agreement between Plaintiffs and Defendants alleged in paragraph 8 of Plaintiffs' Complaint under which according to Plaintiffs, Defendants agreed that Plaintiffs would continue to perform extensive services pursuant to the contract between AECI and the New Haven Board of Education for the design of the New Prince-Welch School, which services would address proposals by the Defendants to change their original specifications for the school, including without limitation emails and notes regarding any telephone calls or meetings regarding such alleged agreement.

8. All documents concerning the New Prince-Welch School in Plaintiffs' custody or control, including without limitation:

   a. all documents, including e-mails, notes of meetings or telephone calls, minutes of meetings, letters concerning any communication between (i) either or both Plaintiffs and (ii) any of the Defendants;

   b. all documents, including e-mails, notes of meetings or telephone calls, minutes of meetings, letters concerning any communication between (i) either or both Plaintiffs and (ii) any of the following:

   1. the New Haven Public School District
   2. Any agent of any of the Defendants
   3. the City Wide School Building Committee
   4. the School Based Building Advisory Committee for the New Prince-Welch School
   5. the principal of the Welch School
   6. any teacher at the Welch School
   7. the principal of the Prince School

    8.     any teacher at the Prince School
    9.     Gilbane Building Co. and/or its employees
    10.    Giordano Construction Co. and/or its employees
    11.    Abidas Rodriquez
    12.    Robin Bona
    13.    Claude Watts
    14.    Susan Weisselberg
    15.    Thayer Baldwin
    16.    Thomas Ude
    17.    Dr. Reginald Mayo
    18.    Samuel Foster
    19.    Vivian Baker
    20.    Robert Lynn
    21.    Paul Guidone
    22.    Thomas Roger
    23.    Parshuran Joglekar
    24.    Donna Chance Dowdie
    25.    William Versace
    26.    Dr. Edia Reyes
    27.    Gina Wells
    28.    Dr. Charles Warner
    29.    Susan Whetstone
    30.    Leida Pacini
    31.    John Prokop
    32.    David Alvardo
    33.    Ram Joglekar
    34.    Ron Markiewicz
    35.    Ann-Marie DeGraffenreidt
    36.    New Haven Preservation Trust
    37.    City of New Haven Historic District Commission

    c.    any emails, minutes or notes regarding meetings or telephone conversations concerning the New Prince-Welch School;

    d.    any newspaper or magazine articles and/or editorials concerning the New Prince-Welch School;

    e.    all drawings, reports, presentation boards, and studies, including drafts of such documents, of the New Prince-Welch School, including without limitation Educational Specification Studies, Site Options Analyses, Building Programs preliminary schematic designs, schematic designs, design documents, and construction documents;

    f.    all contracts with consultants retained by AECI for the New Prince-Welch School and all correspondence or documents relating to communications with such consultants;

    g.    all staffing plans of AECI for the New Prince-Welch School project;

  h. all appointment books, calendars, and Palm Pilot entries concerning any meetings and/or telephone calls concerning the New Prince-Welch School Project.

9. All documents concerning any real or personal property taxes owed by either Plaintiff or any entity affiliated with either or both Plaintiffs or owned or controlled by Plaintiff Wendell Harp to Defendant City of New Haven during the period 1997-2003, including without limitation taxes assessed with respect to any properties located on Lake Place, Dixwell Avenue, Whalley Avenue and/or Conrad Drive, any repayment agreement(s) with the City of New Haven and any default(s) under such payment agreement.

10. All documents concerning any litigation, other than the above captioned matter and other than materials protected by the attorney-client privilege or the attorney work product privilege, brought against any of the Defendants by either or both Plaintiffs, any affiliate or parent of AECI or any entity controlled or owned by Plaintiff Wendell Harp.

11. All documents provided to either Plaintiff from the Defendant New Haven Board of Education or the New Haven Board of Education School Construction Project regarding the design process and/or requirements for the building and/or renovation of New Haven public schools.

12. All documents regarding any hearings held by the Select Committee on Housing of the Connecticut Legislature on April 1, 2003.

13. All documents that support Plaintiffs' claim in paragraph 11 of their Complaint that they are suffering and in the future will suffer substantial economic loss.

14. All documents that support Plaintiffs' claims for compensatory and/or punitive damages and/or attorneys' fees.

15. AECI's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.

16. Wendell Harp's tax returns for the years 1997 – present and all documents that were used in the preparation of such tax returns.

17. All reports of experts retained by Plaintiffs in connection with the above-captioned action.

18. All statements given by any witness to the events alleged in Plaintiff's complaint.

19. All contracts for architectural services for any New Haven School entered into by either Plaintiff.

20. All contracts for architectural services for any school entered into by either Plaintiff from February 1997 – present.

21. All records of costs incurred by either Plaintiff with respect to the provision of architectural services for the New Prince-Welch School, including without limitation invoices from subcontractors and time sheets of employees who provided services for such school.

22. All documents that show any profit earned by AECI with respect to architectural services provided for the New Prince-Welch School.

23. All records that show costs incurred by either Plaintiff for each New Haven public school for which either Plaintiff provided architectural services, including without limitation invoices from subcontractors and time sheets of employees who provided services for such school.

24. All records that show income received by either Plaintiff in connection with any New Haven public school for which either Plaintiff provided architectural services.

25. All records that show profits earned by either Plaintiff in connection with each New Haven public school for which either Plaintiff provided architectural services.

26. All records that show costs incurred by either Plaintiff for each school for which either Plaintiff provided architectural services since January 1, 1997, including without limitation invoices from subcontractors and time sheets of employees who worked on each school.

27. All records that show income received by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.

28. All records that show profits earned by either Plaintiff in connection with each school for which either Plaintiff provided architectural services since January 1, 1997.

29. All budgets and financial statements of AECI, including without limitation Balance Sheets, Cash Flow Statements and Income Statements for the years 1997-present.

# EXHIBIT B

1   A.   I'd say briefly reviewed some of the
2   documents.
3   Q.   The documents, not some notes?
4   A.   Well, some notes that I had given my
5   attorney.
6   Q.   Some notes that you'd given your attorney.
7        And were those notes that you had prepared to
8   give to your attorney, or were those notes that you had
9   taken in the course of the events that are the subject
10  of your Complaint?
11  A.   Notes that I prepared to give my attorney.
12  Q.   Okay.  And the documents that you reviewed
13  you've brought here today?
14  A.   Yes, I did.
15  Q.   And I will ask you to -- and we will mark the
16  documents that you brought here today.  And when we go
17  through each document, if you can tell me if that's a
18  document you reviewed to prepare for today's
19  deposition.  Can you -- you will do that?
20  A.   Yes.
21       MS. KONE:  Okay.  So, first, I want to
22       mark the Notice of Deposition, the Amended
23       Notice of Deposition.
24       (Amended Notice of Deposition marked
25       Defendants' Exhibit 1 for identification)

1   Q.   And that's for your attorney.
2        If you could look at what's been marked as
3   Defendants' 1.  First of all, have you seen this
4   document before, Mr. Harp?
5   A.   No.
6   Q.   You haven't?
7   A.   I don't think I saw the Amended Notice -- I
8   didn't see an Amended Notice of Deposition.
9   Q.   Did you bring the Notice of Deposition with
10  you today?
11  A.   Let's see.
12       MS. ENGSTROM:  Well, I don't think he
13       did, no.  He didn't bring one.
14  A.   That's the attorney's copy.
15  Q.   Okay.  Mr. Harp, when you said you went
16  through a list of documents that I had requested that
17  you bring today, do you have that list with you today?
18  A.   I didn't go through -- I went through a
19  series of documents that I had.  Yes, I brought the
20  documents.
21  Q.   Did you bring the list with you?
22  A.   No.  There was no list.  I went through the
23  series of documents that you had asked for.
24  Q.   And how did you know what documents I'd asked
25  for?

SCRIBES, INC.

```
 1        A.    Because you had a list of them.
 2        Q.    And do you have that list?
 3        A.    The list was your list.
 4        Q.    Yes, do you have that list?
 5        A.    No, it's in your deposition.
 6        Q.    Okay.  In order to assemble the documents,
 7   you went through a list, there was a list that I had
 8   given to you.
 9        A.    Right.
10        Q.    And that, where is that list that you went
11   through?
12        A.    It's in the deposition.  It's in your
13   deposition.
14              MS. ENGSTROM:  You mean the Notice?
15        A.    The Notice of Deposition.
16        Q.    And where is that Notice of Deposition?  Do
17   you have that today with you?
18        A.    No, I don't have it with me.  No.
19        Q.    Did you leave it in your office?
20        A.    Yes, I did, the deposition.
21        Q.    The Deposition Notice you left in your
22   office?
23        A.    Right.
24        Q.    And that's what you used to assemble the --
25        A.    Either that or I left it with -- I mean, I
```

```
 1   went over it with the attorney, so I don't know if I
 2   took a copy back to my office, if it is still in the
 3   office, but it is essentially what was in the
 4   deposition.
 5       Q.   And it was the Notice of Deposition as
 6   opposed to the Amended Notice of Deposition?
 7       A.   As far as I know.
 8            MS. KONE:  Okay.  What I'll do is
 9       either -- I'll just take a break.  I just
10       want to make the Notice of Deposition an
11       exhibit, and I will be right back.
12            (Recess taken from 10:43 a.m. to 10:47
13       a.m.
14            (Notice of Deposition dated April 18,
15       2005 marked Defendants' Exhibit 2 for
16       identification)
17       Q.   Mr. Harp, can I show you what's been marked
18   as Defendants' Exhibit 2.
19            Have you seen that document before?
20       A.   Yes.
21       Q.   And is that the document that you used, the
22   Schedule A on that document, when you compiled the
23   documents to bring here today?
24       A.   Yes, it is.
25       Q.   But you did not use Defendants' Number 1, the
```

SCRIBES, INC.

```
 1   Amended Notice of Deposition, when you compiled the
 2   documents --
 3        A.   That's -- I have not seen this.
 4        Q.   -- before?
 5        A.   That's correct.
 6        Q.   So, to the extent that there are additional
 7   items on Defendants' Exhibit 1, Schedule A, that are
 8   not on Defendants' 2, those documents haven't been
 9   brought here today?
10        A.   That's correct.
11        Q.   Okay.  So, let's go through the document
12   schedule that you have on Defendants' Exhibit 2.  And
13   turning to Page Five of Defendants' Exhibit 2, Item
14   Number One is a certificate of incorporation for AECI
15   and any amendments or modifications thereof.
16             Now, have you brought that today?
17        A.   No, but, you know -- excuse me, you know, my
18   attorney did file a protective order, so I think it
19   lists things that I brought and things that I didn't
20   bring, so if you want to --
21        Q.   Okay.  So you'll tell me on each of these
22   items.
23             Now, the certificate of incorporation for
24   AECI, that's for -- when I say "AECI," I'm referring to
25   the Architects Environmental Collaborative
```

SCRIBES, INC.