UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and : <br> ARCHITECTS ENVIRONMENTAL : <br> COLLABORATIVE INTERNATIONAL, P.C., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> JOHN DeSTEFANO, : <br> CITY OF NEW HAVEN and : <br> NEW HAVEN BOARD OF EDUCATION, : <br> : <br> Defendants. : <br> : | CASE NO: 3:03CV977(CFD) (TPS) <br><br><br><br> SEPTEMBER 9, 2005 |

DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' BRIEF IN
OPPOSITION TO MOTION FOR SANCTIONS

Defendants, John DeStefano, City of New Haven and New Haven Board of Education, submit the instant memorandum in reply to Plaintiffs' Brief in Opposition to Motion for Sanctions dated September 3, 2005 (doc. # 38) and in further support of Defendants' Motion for Sanctions dated August 16, 2005 (doc. # 33).

I.    INTRODUCTION

By way of their Motion for Sanctions dated August 16, 2005 (doc. # 33), Defendants have moved for sanctions under Fed. R. Civ. P. 37 after Plaintiffs failed to produced a number of documents requested in notices of deposition issued to Plaintiffs, despite the denial by this Court of Plaintiffs' two motions for protective order with respect thereto and despite numerous letters and e-mails by Defendants' counsel seeking compliance with Defendants' production requests.

On September 8, 2005, Plaintiffs filed a one paragraph "brief" in opposition to Defendants' Motion for Sanctions (doc. # 38), claiming that the Motion for Sanctions was moot because "plaintiff has produced everything requested by the defendants and has been deposed regarding same, in the interval between August 16 and today." As set forth below, although Plaintiffs produced a significant number of documents <u>after</u> Defendants filed the instant motion for sanctions, Plaintiffs have not, in fact, produced all of the documents requested by Defendants. Further, Plaintiffs' production since August 16, 2005 has been piecemeal and last minute, causing the cancellation and continuations of Plaintiffs' deposition and undue expense to Defendants. In any event, the belated compliance with discovery requests does not render a motion for sanctions moot, particularly where, as here, Defendants have had to expend much time and effort to secure compliance.

II.  <u>DISCUSSION</u>

    A.  <u>Plaintiffs Have Not Fully Complied with Defendants' Production Requests and their Compliance Has Been Piecemeal and Last Minute, Causing Postponements in Plaintiffs' Deposition</u>

On August 18, 2005, the afternoon before the day Defendants were to take Plaintiffs' deposition—and subsequent to the filing of the instant Motion for Sanctions—the undersigned received an e-mail from Plaintiffs' counsel (attached behind Tab A) stating that Plaintiff Harp had three boxes of documents for Defendants to review at his office. Because such significant amount of materials could not reviewed in time for Plaintiffs' deposition the next morning, Plaintiffs' deposition was continued to the week of August 29, 2005. On August 19, 2005, the undersigned went to Plaintiffs' offices where she reviewed certain drawings and notebooks about other school projects that

Plaintiffs had been involved in. Although Plaintiffs' counsel had represented to the undersigned that Plaintiffs would be providing their tax returns with the documents to be reviewed on that date, Mr. Harp had questions as to how the tax returns would be used, and the returns were not provided to Defendants' counsel at that time. Additionally, the documents used in the preparation of the tax returns, as requested in the notice of deposition, also were not provided to Defendants' counsel at that time. (See letter dated August 22, 2005 from Carolyn Kone to Katrena Engstrom, attached behind Tab B.)

Subsequently, on August 22 and August 23, 2005, Plaintiffs delivered their tax returns to Defendants, although the schedules for two of the returns were missing. (See emails from Carolyn Kone to Katrena Engstrom, attached behind Tab C and Tab D.) Additional documents were delivered on August 29, 2005. (See email from Katrena Engstrom to Carolyn Kone, attached behind Tab E.) On September 2, 2005, at Mr. Harp's continued deposition, Mr. Harp produced the missing schedules to the tax returns and a box full of documents that he claimed were the documents used to prepare his tax returns. Although Mr. Harp was examined during that day, his deposition was continued, in part, to allow examination about this box of documents. Mr. Harp also provided a letter, Defendant's Ex. 47, attached behind Tab F, which stated that he was not providing certain documents because the Defendants already had those documents and that he was not providing documents that supported his claims for punitive damages and attorneys fees because "[p]unitive damages and attorney fees have not been assessed at this time." Additionally, at his September 2, 2005 deposition session, Mr. Harp testified that the documentation of his expenses for malpractice premiums, an item of his damages claim, had not been produced and would be produced in the future. To date, this information,

although requested in Defendants' notice of deposition, has not been produced. (See e-mail from Carolyn Kone to Katrena Engstrom, attached behind Tab G.)

Accordingly, all of the documents requested by Defendants have not been produced, and Plaintiffs have not been examined about all of the documents, as represented by Plaintiffs in their Brief.

B. Plaintiffs' Alleged Belated "Compliance" with Defendants' Production Requests Does Not Render Defendants' Motion for Sanctions Moot

Even had Plaintiffs fully complied with Defendants' production requests (which they have not), "[i]t is 'settled,' however, 'that eventual compliance with the rules of discovery does not preclude the imposition of sanctions.'" J.M. Cleminshaw Co. v. Norwich, 93 F.R.D. 338, 347, n.4 (D. Conn. 1981) (internal citations omitted) (rejecting defendant's claim that sanctions motion for failure to answer interrogatories was moot after interrogatories had been answered); see also Miltope Corp. v. Hartford Casualty Ins. Co., 163 F.R.D. 191, 194-95, n.4 (S.D.N.Y. 1995) ("Obviously, the fact that plaintiff eventually responded to the interrogatories does not 'moot' or otherwise prevent the Court from imposing sanctions."); Jackson v. Bankers Trust Co., No. 88 CIV 4867 (JSM), 1991 U.S. Dist. LEXIS 217, *6 (S.D.N.Y. Jan. 9, 1991) (attached behind Tab H) ("production does not moot the issue [of sanctions]").

Defendants' Motion for Sanctions seeks monetary compensation for the months that they have spent trying to secure compliance with their discovery requests. Defendants have expended thousands of dollars in counsel fees defending two meritless motions for protective order, writing numerous letters and e-mails attempting to secure compliance, preparing this motion for sanctions, and preparing for numerous depositions, one of which had to be cancelled, because of Plaintiffs' dilatory and piecemeal

compliance. Pursuant to Fed. R. Civ. P. 37(d), the Court "must" require the party failing to serve responses to a production request to pay the reasonable expenses, including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. 7 James Wm. Moore et al., Moore's Federal Practice §37.97[1] (3rd ed. 2005). Plaintiffs do not even claim that their failure to provide the documents requested in the notices of deposition addressed to Plaintiffs was substantially or in any way justified or that other circumstances make an award of Defendants' expenses unjust.

    Accordingly, under these circumstances and those detailed in Defendants' initial memorandum in support of this Motion for Sanctions, Defendants should be awarded their reasonable expenses caused by Plaintiffs' failure to produce the documents requested in the notices of deposition served on Plaintiffs when such documents were required to be produced.

DEFENDANTS,

JOHN DESTEFANO, CITY OF NEW HAVEN and NEW HAVEN BOARD OF EDUCATION

By:    /s/ Carolyn W. Kone
Carolyn W. Kone (ct 06207)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
New Haven, CT  06511
Tel. (203) 772-2600
Fax (203) 772-4008
Email: ckone@bswlaw.com
Email: rmoffett@bswlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the original of the foregoing was served this 9th day of September 2005, by U.S. first class mail, postage prepaid, upon:

Katrena Engstrom
John R. Williams
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Rodger W. Lehr
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

                                               /s/ Rowena A. Moffett
                                               Rowena A. Moffett