# EXHIBIT A

## Carolyn W. Kone

| | |
|---|---|
| **From:** | Kit Engstrom [kengstrom@johnrwilliams.com] |
| **Sent:** | Thursday, August 18, 2005 1:54 PM |
| **To:** | Kone, Carolyn |
| **Subject:** | Re: Wendell Harp Production |

Carolyn,

Wendell Harp has the documents for you to review. There are approximately three boxes. He will be at his office this afternoon if you want to review them and determine what you want xeroxed.

The alternative is that he could bring the boxes tomorrow, you can review them and determined what you want copied.

He will also send the boxes to TYCO this afternoon if you want copies of everything at your expense.  Please advise.

Kit

----- Original Message -----
From: "Kone, Carolyn" <ckone@BSWLAW.com>
To: "'Kit Engstrom'" <kengstrom@johnrwilliams.com>
Sent: Tuesday, August 16, 2005 10:34 AM
Subject: RE: Wendell Harp Production


> This is not acceptable. We need to be able to review these documents with
> our clients to determine costs, etc. I am in the process of preparing a
> motion for sanctions which will be filed today. Carolyn
>
> -----Original Message-----
> From: Kit Engstrom [mailto:kengstrom@johnrwilliams.com]
> Sent: Tuesday, August 16, 2005 10:28 AM
> To: Kone, Carolyn
> Subject: Wendell Harp Production
>
>
> Carolyn,
>
> I am waiting for the documents from Wendell Harp. I would like to execute
> the confidentiality agreement we discussed.  We would like to modify the
> language to permit only you, your office, experts, etc. and one client
> contact to review the tax returns.  This could be the Assistant
> Corporation
> Counsel you are working with.
>
> Is this acceptable to you?
>
> We are also attempting to provide the damage analysis as soon as possible.
> I
>
> hope to have that to you by Friday.
>
> Kit Engstrom
>
>
>
>
> ----- Original Message -----
> From: "Kone, Carolyn" <ckone@BSWLAW.com>
> To: "'Kit Engstrom'" <kengstrom@johnrwilliams.com>
> Sent: Wednesday, August 10, 2005 3:11 PM

1

> Subject: RE: Wendell Harp Production as of 8 10 05
>
>
>> Kit - I would like all of the materials in the Amended Notice of
>> Deposition
>> which have not been produced to date. I realize that the Court's order
>> was
>> not until August 4, 2005, but you had an obligation to produce the
>> documents
>> when the first protective order was denied in June. I think that I have
>> been
>> more than patient and that it is not too much to request a date when
>> these
>> materials will be produced. Otherwise, I will seek court assistance.
>> Thank
>> you. Carolyn
>>
>> -----Original Message-----
>> From: Kit Engstrom [mailto:kengstrom@johnrwilliams.com]
>> Sent: Wednesday, August 10, 2005 2:26 PM
>> To: Kone, Carolyn
>> Cc: john williams
>> Subject: Re: Wendell Harp Production as of 8 10 05
>>
>>
>> Carolyn,
>>
>>     You did not refer to Number 10 or 11 in your August 6 letter.  To the
>> extent Wendell has not produced materials in 10 or 11, we will also
>> address
>> those requests.
>>
>>     The court's order was issued on August 4.  We will try to comply as
>> soon as possible.
>>
>> Kit
>>
>>
>>
>>
>> ----- Original Message -----
>> From: "Kone, Carolyn" <ckone@BSWLAW.com>
>> To: "'Kit Engstrom'" <kengstrom@johnrwilliams.com>
>> Sent: Wednesday, August 10, 2005 12:01 PM
>> Subject: RE: Wendell Harp Production as of 8 10 05
>>
>>
>>> Kit - What about the documents concerning all of the other school
>>> projects
>>> and lawsuits. Please give me a date when the documents listed below and
>>> these documents will be produced.  Thank you. Carolyn
>>>
>>> -----Original Message-----
>>> From: Kit Engstrom [mailto:kengstrom@johnrwilliams.com]
>>> Sent: Wednesday, August 10, 2005 11:49 AM
>>> To: Kone, Carolyn
>>> Cc: john williams
>>> Subject: Wendell Harp Production as of 8 10 05
>>>
>>>
>>> Carolyn,
>>>
>>> I reviewed your letter of August 6 again today because John indicated
>>> that
>>> you sent him an e-mail about production of Wendell Harp's records.
>>>
>>> We have already produced whatever is available for Requests 3,4,8(c),

```
>>> 8(f),
>>> 8(h). I will try to expedite the production of his property tax matters
>>> (9),
>>>
>>> tax returns (15,16), and AECI financial statements (29).
>>>
>>> Kit
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> ----- Original Message -----
>>> From: "Kone, Carolyn" <ckone@BSWLAW.com>
>>> To: "Kit Engstrom (E-mail)" <KEngstrom@JohnRWilliams.com>
>>> Sent: Tuesday, July 26, 2005 10:12 AM
>>> Subject: Mr. Harp's Deposition
>>>
>>>
>>>>
>>>> Kit - I hope that you had a good vacation. I know that you are on trial
>>>> but
>>>> could you get back to me to confirm that Aug. 3rd works for your office
>>>> and
>>>> Mr. Harp for his deposition. Thanks Carolyn
>>>>
>>>>
>>>> Carolyn Kone
>>>>
>>>> Brenner,Saltzman & Wallman LLP
>>>> 271 Whitney Ave.
>>>> New Haven, Connecticut 06511
>>>>
>>>>
>>>> Email....: CKone@BSWLAW.Com
>>>> Telephone: (203)772-2600
>>>> Facsimile: (203)562-2098
>>>>
>>>>
>>>> The information contained in this communication may be confidential, is
>>>> intended only for the use of the recipient named above, and may be
>>>> legally
>>>> privileged.  If you are not the intended recipient, you are hereby
>>>> notified
>>>> that any dissemination, distribution, or copying of this communication,
>>>> or
>>>> any of its contents, is strictly prohibited.  Nothing in this
>>>> communication
>>>> is intended to constitute a waiver of any privilege or the
>>>> confidentiality
>>>> of this message.  If you have received this communication in error,
>>>> please
>>>> notify the sender immediately by return e-mail or telephone and delete
>>>> the
>>>> original message and any copy of it from your computer system.
>>>> Thank you.
>>>>
>>>>
>>>>
>>>
>>
>
```

3

# EXHIBIT B

# Brenner, Saltzman & Wallman LLP

ATTORNEYS AT LAW

NEWTON D. BRENNER, P.C.
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
JOHN R. BASHAW
MITCHELL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.

DANIEL L. GOTTFRIED
VICTORIA P. HACKETT
ROWENA A. MOFFETT

OF COUNSEL:
SHARON KOWAL FREILICH

Carolyn W. Kone
Email: ckone@bswlaw.com
Direct Fax: 203-772-4008

August 22, 2005

*Via Facsimile*

Kit Engstrom, Esq.
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT 06510

Re:    Harp, et al. v. John DeStefano, et al.

Dear Kit:

On Thursday afternoon, August 18, 2005, at approximately 2:15, you informed me that Mr. Harp had 3 boxes of materials for me to review which were responsive to our discovery requests. You stated that these documents included the tax returns that I had been seeking. Based upon these representations, I postponed Mr. Harp's deposition scheduled for August 19, 2005, so that I could review the documents before his deposition.

On Friday morning, August 19, 2005, I went to Mr. Harp's office.  He made available for my review a number of notebooks about the Klingberg school, one notebook about the Hill Career school, because he stated that the balance of the notebooks were with his attorney who is representing him with respect to litigation concerning that school or with the Board of Education, and the Prince Welch drawings. I requested that he copy a number of these documents. Please let me know when they will be available.

With respect to the materials concerning the Hill Career School which are with Mr. Harp's attorney, please provide me with the materials that are responsive to requests nos.19, 23, 24, 25, 26, 27 and 28.

With respect to Plaintiffs' tax returns, Mr. Harp told me that he wanted certain assurances concerning the purposes for which such tax returns would be used. I told him that I could not discuss these issues with him and that he would have to speak to you or John Williams. Accordingly, these tax returns were not furnished to me.

Additionally, items nos. 15 and 16 on Schedule A to Mr. Harp's deposition notices request the documents used in the preparation of Plaintiffs' tax returns, i.e. checkbooks, payroll

# ■ Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

Katrena Engstrom
August 22, 2005
Page 2

records, W-2s, etc . Mr. Harp advised me that such documents were not among the materials that were being made available for me to review.

Moreover, although you stated in your prior e-mails that documents responsive to requests nos. 9 and 29 would be produced, no such documents were made available.

Finally, the documents requested in response to request nos. 1, 10 and 14 have not been made available, and the consultants' contracts for Engineering Design Group, Inc., J.P. Garcia for civil engineering services and Laurence Appleton have not been produced (See request no. 8.f.).

This has become a tedious, unfair and expensive process, and I hope that you will rectify this situation immediately.

Sincerely yours,

Carolyn W. Kone

CWK:jmc
cc:    Susan Weisselberg
       John Williams, Esq.

9B4661.DOC

# ■ Brenner, Saltzman & Wallman LLP

*ATTORNEYS AT LAW*

NEWTON D. BRENNER, P.C.
STEPHEN L. SALTZMAN, P.C.
MARC A. WALLMAN, P.C.
DAVID R. SCHAEFER, P.C.
STUART JAY MANDEL, P.C.
DONALD W. ANDERSON, P.C.
SAMUEL M. HURWITZ, P.C.
WAYNE A. MARTINO, P.C.
JOHN R. BASHAW
MITCHELL S. JAFFE, P.C.
ALICE J. MICK, P.C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P.C.
JENNIFER DOWD DEAKIN, P.C.

ROWENA A. MOFFETT

OF COUNSEL:
SHARON KOWAL FREILICH

MAILING ADDRESS:
POST OFFICE BOX 1746
NEW HAVEN, CT 08507

## TELECOPY TRANSMISSION SHEET

## PLEASE DELIVER THIS TRANSMISSION TO:

| TO: | FIRM: | TELECOPY NUMBER: |
|---|---|---|
| Kit Engstrom, Esq. | | 776-9494 |
| Sue Weisselberg | | 946-5455 |
| John Williams, Esq. | | 776-9494 |
| | | |

From:_____ Carolyn W. Kone, Esq.

Re:_____ Harp v. DeStefano

Date:_____ August 22, 2005 ____ Our File No. 05167-001

Total Pages (including this sheet):3

### **Additional Message**

9B4664.DOC

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF BRENNER, SALTZMAN & WALLMAN LLP WHICH MAY BE CONFIDENTIAL OR PRIVILEGED. THIS INFORMATION IS INTENDED FOR USE BY THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE RETRIEVAL OF THE FAXED DOCUMENTS.

271 Whitney Avenue • New Haven, Connecticut 06511 • 203.772.2600 • Fax: 203.562.2098 •
www.bswlaw.com

MULTI TRANSMISSION REPORT

```
                                    TIME       :  AUG 22 '05 12:23
                                    TEL NUMBER:  203-772-4008
                                    NAME       :  BRENNER,SALTZMAN & WALLMAN LLP  FLR2
```

| | | |
|---|---|---|
| FILE NBR | : | 077 |
| DATE | : | AUG.22 12:19 |
| DOC. PAGES | : | 03 |
| START TIME | : | AUG.22 12:19 |
| END TIME | : | AUG.22 12:23 |

SUCCESSFUL

    TEL NUMBER

       ☎7769494
       ☎9465455
       ☎7769494

UNSUCCESSFUL                                                         SENT PAGES

# EXHIBIT C

## Carolyn W. Kone

**From:** Kone, Carolyn
**Sent:** Monday, August 22, 2005 4:00 PM
**To:** 'Kit Engstrom'
**Subject:** RE: Production of Tax Returns and Damage Analysis

Kit - Thank you for the returns. There are no schedules for the AECI return for 2002 and there are no returns for 1997-1999 as requested. Please advise. Most taxpayers maintain their records for at least 7-8 years. Carolyn

-----Original Message-----
**From:** Kit Engstrom [mailto:kengstrom@johnrwilliams.com]
**Sent:** Monday, August 22, 2005 1:52 PM
**To:** Kone, Carolyn
**Subject:** Production of Tax Returns and Damage Analysis

Carolyn,

Wendell was prepared to give you the tax returns last week, but when you mentioned the confidentiality agreement, he thought he should check with John.

I am delivering the tax returns to your office this afternoon, together with our damage analysis, which is being filed today.

I will check on the status of the other documents which you referred to in your fax to me this AM.

Kit

# EXHIBIT D

## Carolyn W. Kone

**From:**    Carolyn W. Kone
**Sent:**    Monday, August 29, 2005 1:07 PM
**To:**      KEngstrom@JohnRWilliams.com
**Subject:** Harp v. DeStefano

We called Kinko's and they do not have an order under Wendell's name, AECI, my name, or my firm's name. Can you please try to straighten this out?

Also, Wendell's 2002 tax return does not include his schedule of itemized deductions.

Just to recap the other outstanding issues:
   2002 AECI tax return does not have any schedules
   1997-1999 AECI and Harp returns were not produced
   Documents used to prepare AECI and Harp returns – checkbooks, W-2s etc, payroll records were not produced.
   Hill Career materials referenced in requests nos. 19 and 23-28 which are with Mr. Harp's attorney and werenot produced
   Documents responsive to items 1, 9, 10, 14, and 29 were not produced.
   Documents responsive to item 8.f. which have not been produced – e.g. contracts with Engineering Design Group, Inc., J.P. Garcia for civil engineering and contract for landscaping services.

Thank you.

Carolyn




*Carolyn Kone*

**Brenner,Saltzman & Wallman** LLP
271 Whitney Ave.
New Haven, Connecticut 06511

Email....: CKone@BSWLAW.Com
Telephone: (203)772-2600
Facsimile: (203)562-2098


The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited.  Nothing in this communication is intended to constitute a waiver of any privilege or the confidentiality of this message.  If you have received this communication in error, please notify the sender immediately by return e-mail or telephone and delete the original message and any copy of it from your computer system.
Thank you.





9/9/2005

# EXHIBIT E

## Carolyn W. Kone

**From:**    Kit Engstrom [kengstrom@johnrwilliams.com]
**Sent:**    Wednesday, August 31, 2005 11:43 AM
**To:**    Carolyn W. Kone
**Subject:** Request No. 26 Documents

Carolyn,

On Monday, Wendell left an envelope with more documents for you at our office.  I was in Middletown, and did not see it until Tuesday night. I will deliver them to you today.

They pertain to Request No. 26, other assignments since 1997-

i. e.,  The Klingberg Learning Center in New Britain.

Kit

# EXHIBIT F

300 WHALLEY AVENUE, 3rd FLOOR
NEW HAVEN, CT 06511
Tel. (203) 624-0815
Fax. (203) 777-9891



**ARCHITECTS
ENVIRONMENTAL
COLLABORATIVE
INTERNATIONAL, P.C.**

# Transmittal

| **To:** | Atty. John Williams | **From:** | |
|---|---|---|---|
| | Reply to: Atty. Carolyn Kone | | Wendell C. Harp |
| | Request for documents | | |
| **Fax:** | Hand delivered | **Pages:** | documents |
| **Phone:** | | **Date:** | September 2, 2005 |
| **Re:** | Additional documents and replies @ | **CC:** | |
| | Atty. C. Kone request for documents | | |
| | AECI vs. CNH/NHBE | | |

Dear Atty. Williams:

The following is in reply to Atty. Kone's 8-29-05 memorandum concerning additional document requests @ AECI and W. Harp:

1. Attached is an additional copy of the W. Harp 2002 tax return previously given to Atty. Kone which <u>does</u> include the schedule of itemized deductions.
2. Attached is an additional copy of the 2002 AECI tax return which was previously given to Atty. Kone. Any schedules or itemizations are as filed with the IRS.
3. AECI/W. Harp provided available tax returns which could be located for 2000, 2001, 2002, 2003, 2004 (extension). We do not retain all prior year returns.
4. Documents used to prepare tax returns are attached, incl. W-2's, payroll records, etc.
5. Hill Career material is available with City of New Haven/NH Board of Education legal counsel (Atty. Corcoran and Atty. Mednick). All AECI files of the Hill Career School were obtained by the NHBE and complete copies reside with them. (This is in reply to items 19 and 23-28.)



DEFENDANT'S
EXHIBIT
47
9-2-05
PENGAD 800-631-6989

September 2, 2005

6.  The following is in reply to the document request of Schedule A referenced in Atty.
    Kone's 1-29-05 memo:

    Item 1:  We previously remitted all data we have related to AECI's incorporation.  The
    original certificate of incorporation has not been located by us.  The date of incorporation
    per other documents provided to Atty. Kone is 2-1-1997.  A copy of the certificate of
    incorporation is available as a public document at the Sec. of State's office.

    Item 9:  We previously provided the tax agreements we had to Atty. Kone's office.  The
    City of New Haven tax office is the official record keeper of all tax agreements and is a
    defendant in the suit.

    Item 10:  The City of New Haven has all documents related to our on-going litigation and
    prior litigation of AECI vs Mayor Dilieto et.al (approx. 1980).  This litigation was settled
    out of court.

    Item 14:  Atty. Kone has been provided an assessment of damage, loss of profit claims, tax
    returns, and related documents which support our compensatory claims.  Punitive
    damages and attorney fees have not been assessed at this time.

    Item 29:  We have provided the financial data, tax returns, et. al. available.

7.  EDG and JP Garcia contracts wre not form contracts but letter engagements which are
    included in data given Atty. Kone. No contract or letter agreement for landscape
    architecture exists since those services were to occur near the project end.

Sincerely,


Wendell C. Harp

# EXHIBIT G

## Carolyn W. Kone

**From:**   Carolyn W. Kone
**Sent:**   Tuesday, September 06, 2005 8:02 PM
**To:**     KEngstrom@JohnRWilliams.com
**Subject:** Harp v. DeStefano

At Mr. Harp's deposition on September 2, 2005, he stated that he would provide me with copies of his past invoices for malpractice insurance. Would you kindly get them to me as soon as possible.

In addition, when I reviewed materials at his office, there was a memo in the pocket of one of the Klingberg notebooks that pertained to the Prince Welch School. It may have been minutes of a meeting with Giordano. I asked that it be copied but I still have not received it. Thank you. Carolyn

*Carolyn Kone*

**Brenner, Saltzman & Wallman** LLP
271 Whitney Ave.
New Haven, Connecticut 06511

```
Email....: CKone@BSWLAW.Com
Telephone: (203)772-2600
Facsimile: (203)562-2098
```

The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited.  Nothing in this communication is intended to constitute a waiver of any privilege or the confidentiality of this message.  If you have received this communication in error, please notify the sender immediately by return e-mail or telephone and delete the original message and any copy of it from your computer system.
Thank you.

9/6/2005

# EXHIBIT H

LEXSEE

**ARDRIL EVELYN JACKSON, Plaintiff, v. BANKERS TRUST COMPANY, Defendant**

**No. 88 Civ. 4867 (JSM)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**1991 U.S. Dist. LEXIS 217**

**January 9, 1991, Decided**
**January 9, 1991, Filed**

**LexisNexis(R) Headnotes**

**JUDGES:** [*1]

Leonard Bernikow, United States Magistrate.

**OPINIONBY:**

BERNIKOW

**OPINION:**

MEMORANDUM AND ORDER

Plaintiff moves to preclude defendant from offering any defense concerning plaintiff's claim for bonuses and for payment of all costs of all motions and conferences to compel discovery. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, for employment discrimination. n1 Plaintiff alleges that she was terminated from employment with defendant on account of her race. She also alleges that during the course of her employment defendant discriminated against her in terms of wages, promotion, job assignment, and bonuses.

n1 Judge Mukasey, to whom this case was previously assigned, referred it to the undersigned for all pretrial purposes.

The present motion focuses on plaintiff's contention that defendant has failed to provide discovery concerning the criteria for receiving bonuses. Plaintiff also complains that defendant failed to adequately comply with her other [*2] discovery requests. In regard to the bonus criteria, plaintiff's interrogatory 3 requested:

State: (a) the criteria and/or qualifications for an employee in the trading department to receive a bonus, (b) state how said bonus is calculated.

See letter from defendant's counsel, dated September 27, 1990. Defendant responded in this way:

Defendant has no documents which set forth the criteria and/or qualifications for an employee to receive a bonus. However, defendant, in its sole discretion, pays bonuses to certain employees in the Foreign Exchange Department based on the performance of the department and of the employee.

Id.

In an earlier motion to compel discovery and for sanctions, plaintiff contended defendant's response to interrogatory 3 was false. In fact, plaintiff indicated that she was provided with memos regarding defendant's bonus practice by a "reliable source" and submitted the memos she had received. n2 At a conference before me on September 6, 1990 on the prior motion, I directed, as requested by plaintiff, that an evidentiary hearing be held on the bonus issue on September 14, 1990. On September 13, 1990, however, defendant produced a five page document called [*3] a Global Market Bonus Process. This document, according to plaintiff, not only describes the overall procedure for an employee's inclusion in defendant's bonus plan, it contains specific and detailed standards.

n2 Plaintiff obtained a document of defendant entitled Foreign Exchange Trading Division Resources Management Department Bonus Plan Regulations from the "reliable source." This

document, however, was not in effect at the time of plaintiff's employment.

In response, defendant argues that traders are eligible for bonuses; the supporting staff, which included plaintiff, were not eligible. Defendant adds there is no evidence that plaintiff wanted to become a trader. Defendant also contends that plaintiff was seeking a mathematical formula. Defendant further notes that the Global Markets Bonus Process document discusses procedures and not criteria to receive a bonus. Finally, defendant maintains that the interrogatory was properly and factually answered in that its answer and affidavits filed and the testimony of [*4] its witnesses make clear that there were no memoranda setting forth the criteria to receive a bonus.

Plaintiff argues that she requested to become a trader in 1978 because all her predecessors were promoted to vice president and trader. Admittedly, as a trader, plaintiff would have been entitled to a bonus. Thus, plaintiff argues that by suppressing all memoranda concerning the bonus process, her ability to prepare her case was undermined in that she could not prove when she was qualified to receive a bonus and the amount of the bonus. Plaintiff also argues that none of the documents referred to in the Global Market Bonus Process had been produced by defendant. Plaintiff concludes, therefore, that defendant systematically removed documents relating to the bonus process from its employee files.

A review of the Global Market Bonus Process document shows that it should have been noted in response to interrogatory 3. The line between procedures and criteria is too fine to draw in responding to discovery requests, particularly in view of plaintiff's repeated complaints about the failure to produce documents concerning bonuses. Even if defendant had doubt about whether the interrogatory [*5] requested the document, it should have made production. The document says that the Global Management process commences in late spring in each year with the manpower assessment exercise. The framework for bonus recommendation is based on that exercise. For example, the first cut recommendation requires the use of the "A/AA" Team lists developed during the exercise. The document lists "A" Team characteristics, including flexibility, integrity, and leadership, and the "AA" Team standard, which is a "one to five year person with long-term potential to be world class and move into 'A Team'." Therefore, the document should

have been identified in response to the interrogatory. Defendant's own action in producing the document on the eve of the hearing suggests that the document could reasonably be responsive to the request.

Thus, defendant has improperly withheld a document. Nevertheless, a drastic sanction, such as preclusion, is not warranted. That type of harsh sanction should be used only in extreme circumstances. See, e.g., Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). This case does present such extreme circumstances. To begin with, defendant has produced [*6] the document. True, that production does not moot the issue, see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1067 (2d Cir. 1979); Antico v. Honda of Camden, 85 F.R.D. 34, 36 (E.D. Pa. 1979), but the extreme sanction sought by plaintiff "is justified only where the rights and remedies of a party are defeated or seriously impaired, and the judicial process obstructed." Polylok Corporation v. Valley Forge Fabrics, 670 F. Supp. 1210, 1212 (S.D.N.Y. 1987). Although plaintiff contends that defendant has suppressed every document relating to the payment of any bonus to any employee in the trading department, she has not presented any evidence of that suppression. Furthermore, plaintiff has not shown that defendant has wilfully or negligently failed to comply with her discovery demands or with orders directing discovery. Plaintiff has also not shown how her rights were defeated or seriously impaired. Still, defendant's failure to produce the Global Market Bonuses document, or at least note its existence, has imposed additional and unnecessary legal expenses upon plaintiff. Id. Even if defendant's conduct was less than wilful, simple [*7] negligence can result in the imposition of the lesser sanctions provided under Rule 37. Argo Marine Systems v. Camar Corp., 102 F.R.D. 280, 285 (S.D.N.Y. 1984), aff'd, 755 F.2d 1006 (2d Cir. 1985). Accordingly, plaintiff is entitled to an award of her counsel fees, which I fix in the sum of $ 1500, to be paid within twenty days of this order.

So ordered.

Copies of this memorandum and order have been mailed this date to the parties listed below, who are hereby advised of their right to file objections to this order with Judge Martin on or before January 29, 1991. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Failure to object to this order by that date will preclude appellate review. Small v. Secretary, 892 F.2d 15, 16 (2d Cir. 1989).