Exhibit L
3 of 3

Design Professionals Insurance Company

Endorsement 37254

DOLLAR ONE DEFENSE
COVERAGE (DEDUCTIBLE NOT
APPLICABLE TO CLAIMS
EXPENSES)

Effective  01/22/1999                                    Policy No.  PL008496-01/DEX008496-01

Issued to Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that II. LIMITS OF INSURANCE, E. Deductible, is amended as follows:

Paragraph 2 is deleted and the following substituted:

1.    You must pay the Deductible obligation for CLAIMS before the Company is obligated to pay.
      The Deductible amount stated in the Declarations shall not apply to any amounts payable as
      CLAIMS EXPENSES.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 02/26/1999                    Endorsement  8

Form No. DP-37254-0 (01/96)                               © Copyright DPIC Companies, Inc. 1995

Design Professionals Insu.  .nce Company                                    .ndorsement  37210
                                                                            INNOCENT INSUREDS

Effective  01/22/1999 _____    Policy No.  PL008496-01/DEX008496-01 _____

Issued to Architects Environmental Collaborative International, P.C. _____

by the Company shown above is changed as follows:


It is agreed that section I. Insuring Agreements, part C. What We Do Not Insure (Exclusions),
subpart 4. is deleted and replaced by the following:

This insurance does not apply to the following:

CLAIMS that are related to dishonest, fraudulent, malicious, or criminal acts or
omissions, committed by you or at your direction, or about which you should have
known, whether or not you intended damage to result. However, we will defend a
CLAIM against an Insured who did not have knowledge of the dishonest, fraudulent,
malicious, or criminal acts or omissions. But we will not defend any criminal
prosecution under any circumstances.


ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 02/26/1999                          Endorsement  9

Form No. DP-37210-0 (02/97)                         © 1997 DPIC Companies, Inc.

Design Professionals Insurance Company

Endorsement   37211
LIBERALIZATION

Effective   01/22/1999                                Policy No.   PL008496-01/DEX008496-01

Issued to Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that section IV. Conditions Affecting This Insurance, is amended by adding the following:

> If the Company files with the appropriate regulator revisions to the terms and conditions of this policy form to provide more coverage without an additional premium charge, then your policy will automatically provide this additional coverage as of the date the filed revision is effective in the state shown in the mailing address of the first Named Insured.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 02/26/1999                        Endorsement 10

Form No. DP-37211-0 (02/97)                        © 1997 DPIC Companies, Inc.

Design Professionals Insurance Company

Endorsement  37212
WAIVER OF SUBROGATION

Effective  01/22/1999 _____    Policy No.  PL008496-01/DEX008496-01

Issued to Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that section IV. Conditions Affecting This Insurance, part C. Transfer of Rights of Recovery Against Others to Us, is deleted and replaced by the following:

C.    Transfer of Rights of Recovery Against Others to Us (Subrogation)

You and the Company may have rights to recover all or part of any payment you or the Company make under this policy. If so, those rights are transferred to us. At our request, you will cooperate in transferring those rights to us and in helping us enforce them.

Prior to a CLAIM, if you agreed in a written contract with your client to waive your rights of recovery or subrogation, we will not exercise rights of recovery or subrogation pursuant to that contract. Subsequent to a CLAIM, you must do nothing to impair those rights.

Any monetary recoveries will be distributed to you and the Company on a pro rata basis determined by the amounts paid by you within the Deductible and paid by the Company under this policy.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 02/26/1999

Endorsement 11

Form No. DP-37212-0 (02/97)

© 1997 DPIC Companies, Inc.

Design Professionals In. ance Company

Endorsement  37406
POLICYHOLDER EARLY
RESOLUTION CREDIT (PERC)

Effective  01/22/1999                                    Policy No.  PL008496-01/DEX008496-01

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that section II. Limits Of Insurance And Deductible, subpart E. 4. is deleted and replaced by the following:

E. The Deductible shown in the Declarations will apply as follows:

4.      A portion of the Deductible that you paid for a CLAIM will be reimbursed to you if that CLAIM is resolved in one of the following manners:

a)      For a CLAIM that is resolved within one (1) year following the date that the CLAIM becomes a CLAIM described in section III. Definitions Of Terms In Bold Print, A. CLAIM, part 1., you will be reimbursed up to seventy-five percent (75%), but not to exceed a maximum reimbursement of $15,000; or

b)      For a CLAIM that is resolved after one (1) year following the date that the CLAIM becomes a CLAIM described in section III. Definitions Of Terms In Bold Print, A. CLAIM, part 1., through the use of "formal mediation," you will be reimbursed up to fifty percent (50%), but not to exceed a maximum reimbursement of $15,000.

"Formal mediation" means the voluntary process by which a qualified professional mediator, chosen by parties to the CLAIM with agreement by us, meets with and intercedes between the parties in an attempt to resolve the CLAIM. Litigation and arbitration are specifically excluded from this definition.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent     CPM/CMB 02/26/1999

Endorsement 12

Form No. DP-37406-0 (05/98)

© Copyright DPIC Companies, Inc. 1995

Design Professionals Ins    nce Company

Endorsement  37409
PREMIUM PAYMENTS

Effective  01/22/1999                                    Policy No.  PL008496-01/DEX008496-01

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

This endorsement amends the Declarations, Item 5., as follows:

The Premium for this policy will be paid as follows:

ON  _____01/22/1999_____     $  _____

ON  _____01/22/2000_____     $  _____

ON  _____n/a_____        $  ____n/a_____

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 02/26/1999

Endorsement 13

Form No. DP-37409-0 (01/96)                          © Copyright DPIC Companies, Inc. 1995

Design Professionals Insu___nce Company

Endorsement  37301
NAMED INSURED

Effective  01/22/97 _____     Policy No.  PL008496/DEX008496 _____

Issued to  Architects Environmental Collaborative International, P.C. _____

by the Company shown above is changed as follows:

It is agreed the DECLARATIONS, Item 1., Named Insured, is amended to read as follows:

1-1-97/   Architects Environmental Collaborative International, P.C.

1-73/     Wendell C. Harp Architect dba Architects Environmental Collaborative
1-1-97    International



ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc. ___
Authorized Agent     SC/NCP 01/30/97

Endorsement  6

Form No. DP-37301-0 (01/96)

© Copyright DPIC Companies, Inc. 1995

Design Professionals Insurance Company

Endorsement   37107
EXCLUDED ENTITIES

Effective  01/22/97

Policy No.  PL008496/DEX008496

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that I. INSURING AGREEMENTS, C. What We Do Not Insure, is amended by adding the following exclusion:

This insurance does not apply to:

Renaissance Construction Co. Inc.

Renaissance Center Development Associates

D.J.M. Development Corporation

Accepted by: _____  'Date: _____
Authorized Representative of the Named Insured

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc.
Authorized Agent    SC/NCP 01/30/97

Endorsement  7

Form No. DP-37107-0 (01/96)

© Copyright DPIC Companies, Inc. 1995

Design Professionals Insurance Company

Endorsement   37503

**EXTENDED REPORTING
PERIOD CONNECTICUT**

Effective  01/22/97                                    Policy No.  PL008496/DEX008496

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

As used in this option, "termination" includes cancellation by you or by us for any reason (including non-payment of premiums), non-renewal, expiration, reduction in coverage by the Company, or changes in coverage less favorable to you.

In the event of termination, you may elect an extended reporting period subject to the following provisions:

1.   Coverage afforded under this Extended Reporting Period Option will apply to CLAIMS resulting from PROFESSIONAL SERVICES performed by you prior to termination of this policy, provided the CLAIM is made against you and reported to us during the Extended Reporting Period.

2.·   If you elect this Extended Reporting Period Option, you must:

   a)   elect the option in writing within thirty (30) days of the termination of this policy or within 15 days of our coverage offer, whichever is latest; and
   b)   pay the additional premium at that time.

3.   The premium for the Extended Reporting Period Option will be based on the following factors applied to the last annual premium of the terminated policy:

| 12 months extended reporting | | | 100% |
|---|---|---|---|
| 24 " " " | | | 175% |
| 36 " " " | | | 250% |
| 48 " " " | | | 275% |
| 60 " " " | | | 300% |
| OVER 60 " " " | | | 325% |

4.   An endorsement will be issued showing the term of the Extended Reporting Period and the amount of premium.

5.   Failure to purchase other insurance or to purchase this endorsement will result in no coverage for CLAIMS MADE after the thirtieth (30th) day after termination.

6.   Upon electing this option, the premium is fully earned by the Company and the Extended Reporting Period cannot be canceled.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc.
Authorized Agent     SC/NCP 01/30/97                    Endorsement  1

Page 1 of 2

Design Professionals Insurance Company

Endorsement   37503

EXTENDED REPORTING
PERIOD CONNECTICUT

Effective  01/22/97

Policy No.  PL008496/DEX008496

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

7.    The aggregate limit applicable to this Extended Reporting Period option shall be 100% of the last annual aggregate limit of the policy.

8.    We will not change the retroactive date of this policy or any renewal without your written consent. The terms of this endorsement apply to any loss of retroactive coverage.

IF YOU DO NOT ELECT THIS OPTION, YOU WILL HAVE THIRTY (30) DAYS OF  EXTENDED REPORTING COVERAGE AFTER TERMINATION OF THIS POLICY.    AFTER THAT, ALL COVERAGE CEASES.

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc.
Authorized Agent     SC/NCP 01/30/97

Endorsement  1

Page 2 of 2

Form No. DP-37503-0 (04/96) CT

© Copyright DPIC Companies, Inc. 1995

Design Professionals Insu...nce Company

CANCELLATION/NON-
RENEWAL - CONNECTICUT

Effective  01/22/97                                    Policy No.  PL008496/DEX008496

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that IV. CONDITIONS AFFECTING THIS INSURANCE, J.  Cancellation/Non-Renewal is amended as follows

Paragraph  J.2 is deleted and the following substituted:

2.    After this insurance has been in effect for sixty (60) days or more or this is a renewal of a policy we issued, we will not cancel this policy except for one or more of the following reasons:

(1)    nonpayment of premium;
(2)    conviction of a crime arising out of acts increasing the hazard insured against;
(3)    discovery of fraud or material misrepresentation by the insured in obtaining the policy or in perfecting any claim thereunder;
(4)    discovery of any willful or reckless act or omission by the insured increasing the hazard insured against;
(5)    a determination by the commissioner that continuation of the policy would violate or place the insurer in violation of the law;
(6)    a material increase in the hazard insured against; or
(7)    substantial loss of reinsurance by the insurer affecting this particular line of insurance.

Paragraph J. 3. is deleted and the following substituted:

3.    We may cancel this policy by mailing or delivering to the first Named Insured, on behalf of all Insureds, written notice of cancellation at least ninety (90) days before the effective date of cancellation.

Paragraph J. 6. is amended to delete the term "sixty (60) days" and substitute the term "ninety (90) days."

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc.
Authorized Agent    SC/NCP 01/30/97                          Endorsement  2

Form No. DP-37507-0 (07/96) CT                          © Copyright DPIC Companies, Inc. 1995

Design Professionals Insurance Company

Endorsement  37120
CONTRACTUAL LIABILITY

Effective  01/22/97                                                           Policy No.  PL008496/DEX008496

Issued to Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

It is agreed that such coverage as is provided by the policy for contractual liability applies to:

Designated entities:         All entities with whom the Insured enters into any form of written contract or agreement.

Designated contracts:        All written contracts entered into by the Insured

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Francis M. Jackson Associates, Inc.
Authorized Agent     SC/NCP 01/30/97

Endorsement  3

Form No. DP-37120-0 (01/96)                            © Copyright DPIC Companies, Inc. 1995

Camilleri & Clarke Associates, Inc.
85 Wolcott Hill Road
Wethersfield, CT 06109-1242
(860) 257 4555
(800) 394 3007
(860) 257 7536 fax

# Camilleri & Clarke _____

March 11, 1999

Architects Environmental Collaborative International, P.C.
300 Whalley Avenue
New Haven, CT   06511

RE: Professional Liability
    PL008496-01  DPIC
    Effective 01/22/99

Dear Mr. Harp:

Enclosed please find the renewal continuation certificate
for the policy captioned above.

Please take some time to review this renewal certificate
carefully, then attach it to your copy of the policy for it
contains all the other endorsements listed.

If you should have any questions concerning this policy,
please feel free to contact our office.

Thank you for allowing our agency to continue to serve as
your insurance advisor.


Sincerely,
CAMILLERI & CLARKE ASSOCIATES


Bernadette Michaud
Account Representative


Enclosure:
Cynthia Grocki, CPIW
Account Executive

DPIC

# PROFESSIONAL LIABILITY INSURANCE POLICY

## *Quick Reference*

**Page 2:**

I.  INSURING AGREEMENTS

    A.  What We Insure

**Page 3:**

    B.  What We Reimburse

    C.  What We Do Not Insure (Exclusions)

        1.  Contractual Liability
        2.  Employment Practices
        3.  Harassment
        4.  Fraud and Dishonesty
        5.  Punitive Damages
        6.  Claims by Another Insured
        7.  Related Entities / Equity Interest
        8.  Products
        9.  Asbestos Specification
       10.  Nuclear Exposure
       11.  Otherwise Insured Claims
       12.  Failure to Maintain Insurance
       13.  Insured's Property

**Page 4:**

    D.  Who Is an Insured

**Page 5:**

    E.  When and Where We Insure

        1.  Policy Period
        2.  Retroactive Date
        3.  (a) USA, Puerto Rico, and Canada
           (b) Anywhere Else in the World

**Page 6:**

II.  LIMITS OF INSURANCE AND DEDUCTIBLE

    A.  Limits of Insurance
    B.  Per Claim / Aggregate
    C.  Single Claim Described
    D.  Limits in Excess of Deductible
    E.  Deductible
    F.  Our Approval of Expenses

**Page 7:**

III.  DEFINITIONS OF TERMS IN BOLD PRINT

    A.  Claim
    B.  Claim Expenses
    C.  Claims Made and Reported
    D.  Professional Services (defined in I. A. page 2)

**Pages 8-11:**

IV.  CONDITIONS AFFECTING THIS INSURANCE

    A.  When There Is a Claim
    B.  Settlement
    C.  Transfer of Rights of Recovery Against Others
    D.  Transfer of Your Rights and Duties
    E.  Legal Action Against Us
    F.  Other Insurance
    G.  Premiums
    H.  Examination and Audit
    I.  Bankruptcy
    J.  Cancellation / Non-Renewal
    K.  Changes

*Page 1*

Form No. DP-37000-0 (01.96)    © 1995 DPIC Companies, Inc.

# PROFESSIONAL LIABILITY INSURANCE POLICY

The insurance provided by this policy is on a CLAIMS MADE AND REPORTED basis. This policy applies only to CLAIMS that are first made against you during the policy period and reported to us within sixty (60) days after the end of the policy period shown in the Declarations. This policy applies to CLAIMS related to your PROFESSIONAL SERVICES performed after the retroactive date, if any, shown in the Declarations or any Endorsement. The payment of CLAIM EXPENSES will reduce the Limits of Insurance available to pay CLAIMS.

Certain states mandate specific warnings, exceptions. or conditions. Please read this policy and all Endorsements carefully and discuss the coverage with your Insurance Agent or Broker.

Throughout this policy, the words "you," "your," and "Insured" refer to the Named Insured shown in the Declarations and any other individual or entity qualifying as an Insured under this policy. The words "we," "us," "our," and "Company" refer to the Company providing this insurance as shown in the Declarations. The words and phrases appearing in BOLD PRINT are defined in this policy.

I.    INSURING AGREEMENTS

    A.    What We Insure

        We will pay those sums in excess of the Deductible that you become legally obligated to pay for CLAIMS related to your PROFESSIONAL SERVICES to which this policy applies.

        We have the right and the duty to defend CLAIMS, subject to the following:

        1.    We may investigate any CLAIM and settle it in accordance with section IV. CONDITIONS AFFECTING THIS INSURANCE, B. Settlement. We have the right to designate legal counsel.

        2.    The most we will pay is described in section II. LIMITS OF INSURANCE AND DEDUCTIBLE.

        3.    Our right and duty to defend and pay on your behalf ceases when the applicable Limit of Insurance is exhausted in payment of CLAIMS or CLAIM EXPENSES, separately or in combination.

        PROFESSIONAL SERVICES means services provided by or on behalf of an Insured in

        –    the performance of studies, surveys, assessments, evaluations, consultations, inspections, observations, scheduling, sequencing, or training; or

        –    the preparation of reports, opinions. recommendations. permit applications. maps, drawings, designs, specifications, manuals, instructions, computer programs for designed systems, or change orders; or

*Page 2*

Form No. DP-37000-0 (01 96)

© 1995 DPIC Companies, Inc.

> - the sampling, testing, monitoring, or quality control necessary to perform any of the services listed above; or
>
> - the supplying of furnishings as a part of interior design services.

PROFESSIONAL SERVICES does not include construction activities. Construction activities are not covered by this policy.

B.    What We Reimburse

We will reimburse you, upon written request, for your loss of earnings as a result of being required by us to attend a mediation, arbitration, deposition, or trial related to a covered CLAIM, subject to the following:

1.    We will not pay for the first three (3) days attendance required for each CLAIM.

2.    This earnings reimbursement will not be considered as payment of a CLAIM or CLAIM EXPENSES and is in addition to the Limits of Insurance. The Deductible obligation does not apply to this reimbursement.

3.    Limits of Reimbursement:        S300 per day, per CLAIM
                                       S6,000 annual aggregate for all CLAIMS

4.    The per day limit is the most we will pay for each full day you are required to attend. The annual aggregate limit is the most we will pay for loss of earnings for all CLAIMS MADE AND REPORTED during each consecutive twelve (12) months of the policy period beginning on the effective date.

C.    What We Do Not Insure (Exclusions)

This insurance does not apply to the following CLAIMS:

1.    CLAIMS related to liability assumed by you under any "contract." This exclusion does not apply if you would have been liable in the absence of that "contract" due to your error, omission, or negligent act.

      "Contract" means any agreement, whether express or implied, in fact or in law, written or oral, including, but not limited to, hold harmless and indemnity clauses, warranties, guarantees, certifications, or penalty clauses.

2.    CLAIMS by your employees, or by or on behalf of anyone, related to your employment obligations, decisions, practices, or policies.

3.    CLAIMS, by or on behalf of anyone, related to actual or alleged discrimination, humiliation, or harassment.

*Page 3*

                                       © 1995 DPIC Companies, Inc.

4.   CLAIMS related to dishonest, fraudulent. malicious, or criminal acts or omissions, committed by you or at your direction, whether or not you intended damage to result.

5.   CLAIMS for punitive damages, exemplary damages. multiplied damages, fines. or penalties.

6.   CLAIMS against you by any other Insured under this policy.

7.   CLAIMS against you by (a) an entity in which you maintain a cumulative ownership interest greater than ten percent (10%) or (b) an entity that maintains any ownership interest in you.

8.   CLAIMS related to any product developed by you for multiple sale or mass distribution, including, but not limited to. computer programs and software.

9.   CLAIMS related to your specification of any asbestos material or product, in any form. (a) prior to 1990, for installation in the United States of America or (b) anytime, for installation anywhere else in the world.

10.  CLAIMS related to the actual, alleged, or threatened exposure to nuclear source material, nuclear by-product materials. nuclear waste activities, nuclear incident, or extraordinary nuclear occurrence, as defined in the Atomic Energy Act of 1954 or as amended.

11.  CLAIMS for which you are insured under any other professional liability policy. This exclusion applies even if those CLAIMS are not covered in whole or in part by that policy for any reason.

12.  CLAIMS related to the failure to maintain. obtain, recommend, or require any form of insurance, suretyship. or bond, either with respect to an Insured or others.

13.  CLAIMS related to your ownership, rental, or leasing of any real property or personal property.  Personal property includes, but is not limited to, automobiles, aircraft, watercraft, and other kinds of conveyances.

D.   Who Is an Insured

You are an Insured if your name is shown in the Declarations or any Endorsement, or if you are one of the following:

1.   A partner, principal, director, officer, or employee of an Insured, but only for PROFESSIONAL SERVICES performed for an Insured.

2.   Temporary staff working on behalf of and under direct supervision of an Insured, but only for PROFESSIONAL SERVICES performed for an Insured.

*Page 4*

© 1995 DPIC Companies. Inc.

3. A former partner, principal, director. officer, employee or temporary staff of an Insured, but only for PROFESSIONAL SERVICES performed for an Insured during that prior affiliation or employment. The insurance provided by this provision, as with all other provisions of this policy, is subject to section IV. CONDITIONS AFFECTING THIS INSURANCE, F. Other Insurance.

4. A partner, principal. director, or officer of an Insured who was a sole proprietor, partner, principal, director, or officer of a previous professional practice. but only for CLAIMS related to that individual's PROFESSIONAL SERVICES in that professional practice. and not for the PROFESSIONAL SERVICES of others in that professional practice. The insurance provided by this provision applies only if there is no other insurance available and. as with all other provisions of this policy, is subject to any retroactive date contained in this policy.

5. A co-venturer with another architectural, engineering. landscape architectural, land surveying, interior design, or environmental consulting firm, but only for your legal liability related to the PROFESSIONAL SERVICES performed by the joint venture.

6. The legal representative of any deceased individual described above. but only to the extent of that individual's rights and duties under this policy.

E.  When and Where We Insure

This insurance applies to CLAIMS that meet each of the following:

1. The CLAIMS are first made against you during the policy period and reported to us within sixty (60) days after the end of the policy period shown in the Declarations.

2. The CLAIMS are related to your PROFESSIONAL SERVICES performed after the retroactive date, if any, shown in the Declarations or any Endorsement. but prior to the end of the policy period. provided that you had no knowledge of the CLAIMS prior to the effective date shown in the Declarations.

3. The CLAIMS are made

(a) in the United States of America, including its territories and possessions, Puerto Rico, and Canada, or

(b) made anywhere else in the world ("foreign").

We have the right, but not the duty. to investigate and defend "foreign" CLAIMS, as we deem proper, and settle as you and the Company agree in writing. If we elect not to investigate or defend "foreign" CLAIMS. you will investigate and defend as may be reasonably necessary. and settle as you and the Company agree in writing. We will promptly reimburse you for the reasonable costs of investigation and defense as they are incurred, and for the amount of any judgment

*Page 5*

or authorized settlement. This agreement is subject to all applicable terms of this policy.

We make no representations concerning whether this policy complies with laws or requirements of foreign countries concerning insurance matters.

II.     LIMITS OF INSURANCE AND DEDUCTIBLE

A.     The Limits of Insurance, shown in the Declarations and described below, are the most we will pay regardless of the number of Insureds, CLAIMS, or individuals or entities making CLAIMS.

B.     The Limits of Insurance shown in the Declarations will apply as follows:

1.     Each CLAIM limit is the most we will pay for the CLAIM and CLAIM EXPENSES related to any single CLAIM.

2.     The aggregate limit is the most we will pay for the sum of all CLAIMS and CLAIM EXPENSES for all CLAIMS MADE AND REPORTED during each consecutive twelve (12) months of the policy period beginning on the effective date.

C.     One or more CLAIMS related to the same act, error, or omission, or the same series of acts, errors, or omissions, will be considered a single CLAIM and will be included within the earliest CLAIM related to that act, error, or omission, or series of acts, errors, or omissions.

D.     The Limits of Insurance shown in the Declarations apply in excess of the Deductible described below.

E.     The Deductible shown in the Declarations will apply as follows:

1.     The Deductible does not apply to CLAIMS defined in section III. DEFINITIONS OF TERMS IN BOLD PRINT, A. CLAIM, part 2.

2.     You must pay the Deductible obligation, upon written request, for CLAIMS and CLAIM EXPENSES before we are obligated to pay. We will determine the reasonableness of CLAIM EXPENSES that qualify in satisfaction of the Deductible.

3.     Unless otherwise endorsed, the Deductible applies whether this insurance is primary or excess and as follows:

a)     Each CLAIM Deductible is the most Deductible you must pay for the sum of any CLAIM and CLAIM EXPENSES related to any single CLAIM.

b)     The aggregate Deductible is the most Deductible you must pay for the sum of all CLAIMS and CLAIM EXPENSES for all CLAIMS MADE AND

*Page 6*

© 1995 DPIC Companies, Inc.

REPORTED during each consecutive twelve (12) months of the policy period beginning on the effective date.

4.    If any CLAIM is resolved through the use of "formal mediation," the Deductible you are obligated to pay will be reduced by fifty percent (50%) up to a maximum reduction of $12,500.

"Formal mediation" means the voluntary process by which a qualified professional mediator, chosen by parties to the CLAIM with agreement by us, meets with and intercedes between the parties in an attempt to resolve the CLAIM. Litigation and arbitration are specifically excluded from this definition.

F.    Any PROFESSIONAL SERVICES rendered or expenses incurred by you related to a CLAIM, or any return, withdrawal, or reduction of fees, will not be applied to the Deductible or Limits of Insurance without our prior written consent.

III.    DEFINITIONS OF TERMS IN BOLD PRINT

A.    CLAIM means

1.    a demand for money or services against you, or the filing of a suit or the institution of an arbitration proceeding naming you, seeking damages for an alleged error, omission, negligent act, or "personal injury" related to your PROFESSIONAL SERVICES; or

2.    an event of which you have knowledge that may result in a demand against you seeking damages related to your PROFESSIONAL SERVICES.

"Personal injury" means false arrest, detention, or imprisonment; wrongful entry, eviction, or other invasion of a right of privacy; libel, slander, utterance, electronic distribution, or publication in violation of a right of privacy; malicious prosecution; or the unintentional infringement of copyright or patent.

B.    CLAIM EXPENSES means

1.    fees charged by an attorney designated by us, a mediator, or an arbitrator; and

2.    all other fees, costs, and expenses related to the investigation, adjustment, or defense of a CLAIM, if authorized by us.

CLAIM EXPENSES do not include the salaries or expenses of the Company's employees or the fees and expenses of independent adjusters.

C.    CLAIMS MADE AND REPORTED means CLAIMS that are

1.    first made against you during the policy period and reported to us within sixty (60) days after the end of the policy period shown in the Declarations, and

*Page 7*

2.     related to your PROFESSIONAL SERVICES performed after the retroactive date, if any, shown in the Declarations or any Endorsement but prior to the end of the policy period, provided that you had no knowledge of the CLAIMS prior to the effective date shown in the Declarations.

D.     PROFESSIONAL SERVICES is defined in section I. INSURING AGREEMENTS, A. What We Insure.

## IV.    CONDITIONS AFFECTING THIS INSURANCE

A.     When There Is a CLAIM

    1.     You must promptly notify us or our authorized representative of any CLAIM. Notice must be in writing and include

       a)     how, when, and where the CLAIM took place; and

       b)     the names and addresses of any witnesses or injured individuals.

    2.     You must also

       a)     immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the CLAIM;

       b)     authorize us to obtain records and other information;

       c)     cooperate with us in the investigation, defense, and settlement of the CLAIM; and

       d)     assist us, upon our request, in the enforcement of any right against any individual or entity that may be liable to you because of the CLAIM.

    3.     Expenses incurred by you for cooperation and assistance are not recoverable under this policy nor chargeable to the Deductible or Limits of Insurance without our written consent, except for earnings reimbursed under section I. INSURING AGREEMENTS, B. What We Reimburse.

    4.     You will not, except at your own cost, voluntarily make payment, assume any obligation, or incur any expenses without our written consent.

B.     Settlement

     We will not settle any CLAIM without your written consent.  If, however, you withhold your consent to any settlement recommended by us and elect to contest that CLAIM or continue the litigation, then our liability for that CLAIM will not exceed the amount for

Form No. DB 37000 0 (01/96)

which that CLAIM would have been settled plus CLAIM EXPENSES up to the date you withheld consent.

C.    Transfer of Rights of Recovery Against Others to Us

You and the Company may have rights to recover all or part of any payment you or the Company make under this policy. If so, those rights are transferred to us. You must do nothing to impair them. At our request, you will bring suit to transfer those rights to us and help us enforce them.

Any monetary recoveries will be distributed to you and the Company on a pro rata basis determined by the amounts paid by you within the Deductible and paid by the Company under this policy.

D.    Transfer of Your Rights and Duties

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Insured.

E.    Legal Action Against Us

No individual or entity has a right under this policy to join us as a party or otherwise bring us into a suit seeking damages from an Insured, or to sue us unless all of the terms of this policy have been met.

F.    Other Insurance

This insurance is excess over any other insurance, whether primary, excess, contingent, or on any other basis, and specific exclusions in this policy always apply. When this insurance is excess, we will not defend any CLAIM that any other insurer has a duty to defend. If no other insurer defends, we have the right but not a duty to do so. If we defend, we will be entitled to your rights against all other insurers.

G.    Premiums

The first Named Insured shown in the Declarations is responsible for the payment of all premiums and Deductibles, and will be the payee for any return premium we pay.

H.    Examination and Audit

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three (3) years afterward.

I.    Bankruptcy

Bankruptcy or insolvency of an Insured or of an Insured's estate will not relieve us of our obligation under this policy. However, this insurance will not apply to liability directly or indirectly due to bankruptcy, insolvency, receivership, or subsequent liquidation.

*Page 9*

                                      © 1995 DPIC Companies, Inc.

K.    Changes

This policy contains all agreements between you and the Company concerning the insurance provided. The first Named Insured shown in the Declarations is the only Insured authorized to request changes in the terms of this policy. Policy terms can be amended or waived only by Endorsement issued by us and made a part of this policy.

The Company has caused this policy to be signed by its authorized officers, but it is not valid unless countersigned on the Declarations page by a duly authorized representative of the company.

*W. M. Becker*

President

*Stanley G. fullwood*

Secretary

*Page 11*

© 1995 DPIC Companies, Inc.

Design Professionals Insurance Company

Endorsement  37418
DECREASE OF PROFESSIONAL
LIABILITY LIMIT

*Arcevi*
*Cmd.*
*5-10-99*

Effective  03/18/1999                                Policy No.  PL008496-01

Issued to  Architects Environmental Collaborative International, P.C.

by the Company shown above is changed as follows:

This endorsement amends DECLARATIONS, Item 5 - LIMITS OF INSURANCE, as follows:

|                        | Each CLAIM      | Aggregate     |
|------------------------|-----------------|---------------|
| Professional Liability | $ 1,000,000     | 1,000,000     |

This endorsement shall not apply to liability arising from events reported to the Company prior to the effective date of this endorsement.

Professional Liability

Amended Annual Premium: $_____
Annual Return Premium:  $_____
Annual Additional Premium:$____n/a____

Pro rata Factor:  _____

Total Return Premium:  $_____ Fm.

        1999 - 2000
        2000 - 2001

Accepted by: _____  Date:_____
         Authorized Representative of the Named Insured

ALL OTHER TERMS & CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Countersignature:

Camilleri & Clarke Associates, Inc.
Authorized Agent    CPM/CMB 04/15/1999                    Endorsement 14

Form No. DP-37418-0 (01/96)                    © Copyright DPIC Companies, Inc. 1995