UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and : | |
| ARCHITECTS ENVIRONMENTAL : | |
| COLLABORATIVE INTERNATIONAL, P.C. : | |
| : | |
| VS. : | NO. 3:03CV977(CFD) |
| : | |
| JOHN DeSTEFANO, : | |
| CITY OF NEW HAVEN and : | |
| NEW HAVEN BOARD OF EDUCATION : | MARCH 5, 2006 |

**PLAINTIFFS' LOCAL RULE 56 STATEMENT**

*A    RESPONSES TO DEFENDANTS' CLAIMS OF FACT:*

1. Agree.

2. Disagree. She is married to its sole owner and thus benefits in family income from the said business.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Agree.

10. Agree.

11. Agree.

12. Agree.

13. Disagree. The phrase "little progress" is vague and subjective and impossible to respond to. However, the statement of asserted fact is internally inconsistent since it also states that specifications were developed and delivered by the plaintiff in February 1998, a fact with which the plaintiffs agree.

14. Agree.

15. Agree.

16. Agree.

17. Disagree with last sentence, since "expressed concern" is so vague that it cannot be responded to. As to the other sentences, plaintiffs agree.

18. Agree.

19. Agree.

20. Agree.

21. Agree.

22. Agree.

23. Agree.

24. Agree.

25. Objection. Move to strike. The statement that Wells "reported her distress to Mayo" is hearsay and thus inadmissible in support of the motion for summary judgment. Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001).

26. Agree that those statements were made to the plaintiff. However, defendants have not presented any evidence that the statements were true.

27. Agree that he made the request. Plaintiffs cannot respond to assertions about what was in his mind, however.

28. Agree.

29. Agree.

30. Agree.

31. Move to strike the assertion that the plans "were difficult for the audience to see" as it is subjective and hearsay since no statement of any member of the audience has been submitted. Otherwise, agree.

32. Agree that those statements were made.

33. Agree that the plaintiff was late for the meeting in question. Otherwise, disagree since no admissible evidence has been submitted in support of the assertions.

34. Agree.

35. Agree.

36. Disagree with the phrase "inconsistent with the Board of Education's wishes" since it is not supported by any admissible evidence. Otherwise, agree.

37. Agree.

38. Agree.

39. Agree that Watt made those statements.

40. Agree with first sentence. It is not possible to respond to claims about what the witness says he thought.

41. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

42. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

43. Agree.

44. Agree.

45. Agree.

46. Agree.

47. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

48. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

49. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

50. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

51. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

52. Agree that the statement was made.

53. Agree that the statement was made.

54. Agree.

55. Agree.

56. Agree.

57. Agree.

58. Agree.

59. Agree.

60. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

61. Agree.

62. Agree.

63. Agree.

64. Agree.

65. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

66. Agree.

67. Objection and move to strike. Hearsay.

68. Objection and move to strike. Hearsay.

69. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

70. Agree.

71. Agree.

72. Agree.

73. Agree.

74. Disagree with the word "aware" but agree Mayo claims to have had that belief.

75. Agree.

76. Agree.

77. Agree.

78. Agree.

79. Object and move to strike that portion of this paragraph representing the acts and words of defendant DeStefano, because that portion is inadmissible hearsay. As to the remainder of the paragraph, agree.

80. Agree.

81. Disagree. The documents speak for themselves and are not fairly or accurately characterized in this statement.

82. Agree.

83. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

84. Agree.

85. Agree.

86. Agree.

87. Disagree. The authorities cited for this assertion do not support it. At most, defendant DeStefano claims to have had a belief to that effect.

88. Agree.

89. Agree.

90. Objection and move to strike. Hearsay.

91. Objection and move to strike. Hearsay.

92. Agree.

93. Agree.

94. Disagree with the assertion as subjective and vague.

95. Agree.

96. Agree.

97. Agree.

98. Agree.

99. Agree.

100. Objection and move to strike. Hearsay.

101. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

102. Agree.

103. Agree.

104. Agree.

105. Disagree.  The document speaks for itself and is not fairly or accurately characterized in this statement.

106. Agree.

107. Agree.

108. Agree.

109. Objection and move to strike.  Hearsay.

110. Agree.

111. Agree.

112. Objection and move to strike.  Hearsay.

113. Agree.

114. Agree.

115. Disagree.  The document speaks for itself and is not fairly or accurately characterized in this statement.

116. Agree.

117. Agree.

118. Agree.

119. Agree.

120. Agree.

121. Agree.

122. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

123. Agree.

124. Agree.

125. Agree.

126. Agree.

127. Objection as this is a subjective assertion of a mental condition and not admissible.

128. Agree.

129. Agree.

130. Objection and move to strike. Hearsay.

131. Agree.

132. Disagree. The document speaks for itself and is not fairly or accurately characterized in this statement.

133. Agree.

134. Agree.

135. Objection. Hearsay. Move to strike.

136. Objection. Hearsay. Move to strike.

137. Agree.

138. Objection. Hearsay. Move to strike.

139. Objection. Hearsay. Move to strike.

140.  Objection because this subjective assertion of the mental state of a member of a legislative body is inadmissible and irrelevant.  <u>Bogan v. Scott-Harris</u>, 523 U.S. 44 (1998); <u>Harhay v. Town of Ellington Board of Education</u>, 323 F.3d 206 (2nd Cir. 2003); <u>Ritz v. Town of East Hartford</u>, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

141.  Objection.  Hearsay.  Move to strike.

142.  Agree.

143.  Agree.

144.  Agree.

145.  Agree.

146.  Agree that he makes that claim.

147.  Agree.

148.  Objection and move to strike because the mental state of a member of a legislative body at the time of a vote is irrelevant and inadmissible.  <u>Bogan v. Scott-Harris</u>, 523 U.S. 44 (1998); <u>Harhay v. Town of Ellington Board of Education</u>, 323 F.3d 206 (2nd Cir. 2003); <u>Ritz v. Town of East Hartford</u>, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

149.  Agree.

150.  Objection to, and move to strike, the assertion concerning the subjective mental state of a member of a legislative body.  <u>Bogan v. Scott-Harris</u>, 523 U.S. 44 (1998); <u>Harhay v. Town of Ellington Board of Education</u>, 323 F.3d 206 (2nd Cir. 2003);

Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000). Otherwise, agree.

151. Objection and move to strike because the mental state of a member of a legislative body at the time of a vote is irrelevant and inadmissible. Bogan v. Scott-Harris, 523 U.S. 44 (1998); Harhay v. Town of Ellington Board of Education, 323 F.3d 206 (2nd Cir. 2003); Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

152. Disagree. (Exhibits I and J to Kone declaration)

153. Agree.

154. Agree.

155. Agree.

156. Agree.

157. Objection. This is too subjective and vague a description of a mental state to respond to.

158. Objection and move to strike. The subjective mental state of a member of a legislative body concerning a vote of that body is inadmissible and irrelevant. Bogan v. Scott-Harris, 523 U.S. 44 (1998); Harhay v. Town of Ellington Board of Education, 323 F.3d 206 (2nd Cir. 2003); Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

159. Objection and move to strike. The subjective mental state of a member of a legislative body concerning a vote of that body is inadmissible and irrelevant. Bogan

v. Scott-Harris, 523 U.S. 44 (1998); Harhay v. Town of Ellington Board of Education, 323 F.3d 206 (2nd Cir. 2003); Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

 160. It is impossible to respond to this assertion.

 161. Objection. Move to strike. Hearsay.

 162. It is impossible to respond to this assertion.

 163. Objection and move to strike. The subjective mental state of a member of a legislative body concerning a vote of that body is inadmissible and irrelevant. Bogan v. Scott-Harris, 523 U.S. 44 (1998); Harhay v. Town of Ellington Board of Education, 323 F.3d 206 (2nd Cir. 2003); Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

 164. Objection. Move to strike. Hearsay.

 165. Objection. Move to strike. Hearsay.

 166. Objection. Move to strike. Hearsay.

 167. Agree that he makes that claim, but disagree with its truthfulness.

 168. Objection and move to strike. The subjective mental state of a member of a legislative body concerning a vote of that body is inadmissible and irrelevant. Bogan v. Scott-Harris, 523 U.S. 44 (1998); Harhay v. Town of Ellington Board of Education, 323 F.3d 206 (2nd Cir. 2003); Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

169. Objection and move to strike. The subjective mental state of a member of a legislative body concerning a vote of that body is inadmissible and irrelevant. <u>Bogan v. Scott-Harris</u>, 523 U.S. 44 (1998); <u>Harhay v. Town of Ellington Board of Education</u>, 323 F.3d 206 (2nd Cir. 2003); <u>Ritz v. Town of East Hartford</u>, 110 F. Supp. 2d 94, 97 (D. Conn. 2000).

170. Objection. Move to strike. Hearsay.

171. It is impossible to respond to this assertion.

172. Disagree. It is highly incredible that a local politician like Prokop would not read the local daily newspaper or know of the candidacy of a person opposing the head of his party.

173. Agree.

174. Objection. Move to strike. Hearsay.

**B      PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

1. When the defendant DeStefano ran for re-election in 2001, he was opposed by State Senator Martin Looney. In that election, Senator Harp, supported defendant DeStefano against Senator Looney. (DeStefano Deposition, Exhibit O to Declaration of Attorney Kone, pp. 19-20; Exhibit J to Declaration of Attorney Kone)

2. At the beginning of 2003, defendant DeStefano decided to redesign the new Prince-Welch School to reduce its size and, thus, the number of buildings in the

neighborhood which would have to be demolished to build it.  As a result, it became necessary to pay for architectural services to redesign the school.  (Id., pp. 21-24)

     3.  As of the end of April and the beginning of May, 2003, the plaintiffs were the architect designated by the defendants to do that redesign.  (Id., pp. 26-27; Exhibit QQ to Declaration of Claude Watt)

     4.  As late as May 13, 2003, the plaintiffs still were the designated architects for the school redesign.  (Exhibit H to Declaration of Attorney Kone)

     5.  On or about May 14, 2003, it was publicly announced that Senator Harp was supporting defendant DeStefano's opponent in the mayoral primary that year and that the opponent's headquarters would be in a building owned by the plaintiffs.  (Exhibit J to Declaration of Attorney Kone)

     6.  Defendant DeStefano's campaign manager stated publicly on May 14, 2003, that the plaintiff was supporting defendant DeStefano's opponent in the mayoral primary.  (Ibid.)

     7.  A few days after that announcement, at a meeting between defendant DeStefano and the Superintendent of Schools, defendant DeStefano asked the Superintendent whether the plaintiff could work with the site manager of the project and whether his contract should not be renewed.  (Mayo Deposition, Exhibit N to Declaration of Attorney Kone, pp. 25-26)

     8.  Two days after the announcement of Senator Harp's endorsement of defendant DeStefano's opponent, the Program Coordinator of the School Construction

Program contacted a new architect, from New York, about taking over the Prince Welch design work. (Declaration of Susan Weisselberg, ¶ 12)

9. Six days after the announcement of Senator Harp's endorsement of defendant DeStefano's opponent, the Program Coordinator faxed a copy of the plaintiffs' 2003 contract to the New York architect for its approval. (Id., ¶ 13)

10. On May 23, 2003, thirteen days after the announcement of Senator Harp's endorsement of defendant DeStefano's opponent, a committee of the Board of Education met in emergency session with defendant DeStefano, the Program Coordinator and one of defendant DeStefano's attorneys, Thomas Ude, and voted unanimously to terminate the plaintiffs' contract. (Exhibit H to Declaration of Susan Weisselberg)

11. The contract with the New York architect cost the City of New Haven and the New Haven Board of Education nearly twice the amount which was going to be paid to the plaintiffs for the job. (Exhibit I to Declaration of Attorney Kone)

                                          THE PLAINTIFFS

                                    BY:_____
                                            JOHN R. WILLIAMS (ct00215)
                                            51 Elm Street
                                            New Haven, CT 06510
                                            203/562-9931
                                            FAX: 203/776-9494
                                            E-Mail: jrw@johnrwilliams.com
                                            Their Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorney Jennifer C. Vickery, Assistant Corporation Counsel, 165 Church Street, New Haven, CT 06510 [E-Mail: jvickery@newhavenct.net]; and Attorneys Carolyn W. Kone and Rowena A. Moffett at Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT 06511 [E-Mails: ckone@bswlaw.com; rmoffett@bswlaw.com]

_____
JOHN R. WILLIAMS