**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WENDELL HARP and | : | |
| ARCHITECTS ENVIRONMENTAL | : | |
| COLLABORATIVE INTERNATIONAL, P.C., | : | |
| | : | CASE NO: 3:03CV977(CFD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DeSTEFANO, | : | |
| CITY OF NEW HAVEN and | : | |
| NEW HAVEN BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | |
| | : | MAY 5, 2006 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE**

In their Local Rule 56(a)2 Statement (doc. # 71), Plaintiffs, Architects Environmental

Collaborative International, P.C. ("AECI") and Wendell Harp ("Harp") moved to strike certain

of the undisputed facts set forth in Defendants' Local Rule 56(a)1 Statement submitted in

support of their pending Motion for Summary Judgment. As summarized below and as set forth

more fully in Defendants' Response to Plaintiffs' Local Rule 56(a)2 Statement, attached hereto

as Exhibit A, Plaintiffs' claims that the challenged facts are based upon inadmissible hearsay are

entirely without merit. Thus, Plaintiffs' motion to strike should be denied in all respects.[1]

Plaintiffs primarily challenge statements by members of the Board of Education

concerning what they had learned from others regarding AECI's poor performance under the

contract. These statements, however, are clearly admissible and relevant. It is well established

---

[1] Notably, Plaintiffs failed to submit a written  memorandum of law in support of their motion to strike, in contravention of D. Conn. L. Civ. R. 7. In many instances, Plaintiffs fail to offer any legal support at all for their request to strike the challenged facts. For these reasons alone, Plaintiffs' motion to strike should be denied. See D. Conn. L. Civ. R. 7(a)1 ("Failure to submit a memorandum may be deemed sufficient cause to deny the motion.").

that testimonial reports of statements by third parties are not hearsay where, as here, the

statements are offered not for the truth of the matter asserted, but rather, to demonstrate the

motivation for the Board's decision to terminate AECI's contract.  See Barrett v. Orange County

Human Rights Comm'n, 194 F.3d 341, 347-48 (2d Cir. 1999) (in § 1983 case alleging that

plaintiff was fired in retaliation for exercising constitutionally protected speech, out of court

statements by county commissioners concerning plaintiff's improper conduct were properly

admitted, not for the purpose of establishing whether the third parties' statements were true, but

rather to assist defendants in demonstrating that they were motivated by plaintiff's behavior and

not by his comments on politically sensitive issues, noting that "[t]he very fact that according to

the commissioners these statements were made tends to establish that it was [plaintiff's]

behavior, not his speech, that animated the defendants"); Cameron v. Community Aid for

Retarded Children, Inc., 335 F.3d 60, 65-66 (2d Cir. 2003) (defendant employer was entitled to

rely upon complaints from third parties regarding plaintiff's improper conduct in defense of

discriminatory termination claim, expressly noting "[b]ecause these statements are not used to

prove the truth of the matter asserted, but to establish [the decisionmaker's] state of mind, they

are not hearsay as [plaintiff] contends").

        Thus, the challenged statements concerning AECI's poor performance clearly are

admissible and there is no basis upon which to strike same.

        Plaintiffs also move to strike the undisputed facts concerning the statements by the

members of the Board of Education regarding the reasons for their decision to terminate AECI's

contract, arguing that the mental state of a member of a legislative body at the time of a vote is

irrelevant and inadmissible.[2]  The cases cited above illustrate that the state of mind of the

decisionmakers is the central issue in this First Amendment retaliation case.  Where, as here, the

central issue is the allegedly retaliatory motive of the defendants, there is no basis for excluding

the statements of the members of the Board of Education regarding their motivations in voting to

terminate AECI's contract, as such evidence is highly relevant to the liability of Defendants in

this case.  See Locurto v. Safir, 264 F.3d 154, 168 (2d Cir. 2001) (intent is an element of a First

Amendment retaliation claim);  see, e.g., Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004)

(cited by Plaintiffs) (considering testimony by members of a board of education of their

nonretaliatory reasons for termination decision in § 1983 case and observing: "Each member of

the Board . . . stated that his or her decision had nothing to do with Love-Lane's speech.  Love-

Lane thus offers no evidence that the Board punished her, let alone was aware of, her opposition

to race discrimination at Lewisville.").  Accordingly, there is no basis upon which these

statements may be disregarded.

Plaintiffs' Local Rule 56(a)2 Statement also challenges Defendants' characterization of

certain documentary evidence submitted in support of their Motion for Summary Judgment,

---

[2] As an initial matter, the cases cited by Plaintiffs do not stand for the proposition that the mental state of a member of a legislative body is inadmissible.  Bogan v. Scott-Harris, 523 U.S. 44 (1998), stands for the proposition that there is no § 1983 liability if a city's council and its mayor act in a legislative capacity; Harhay v. Town of Ellington Bd. of Ed., 323 F.3d 206, 210-11 (2d. Cir. 2003), stands for the proposition that a Board of Education enjoys absolute immunity when it acts in a legislative capacity but not when it acts in an administrative capacity; and Ritz v. Town of East Hartford, 110 F. Supp. 2d 94, 97 (D. Conn. 2000), which is most likely no longer good law in view of Harhay, stands for the proposition that a Board of Education cannot enjoy legislative immunity.  Thus, if this law were applicable, the Board of Education would enjoy absolute immunity for its actions at issue in this case.  This is besides the point, however, as in this case, the Board of Education in terminating AECI's contract was acting in an administrative capacity rather than a legislative capacity. See Harhay, 323 F.3d at 211 (where board of education acts with respect to an individual situation rather than promulgating broad prospective policy, it is considered to be acting in an administrative rather than a legislative capacity, and is therefore not entitled to absolute immunity under § 1983).

although Plaintiffs did not move to strike the evidence.  As illustrated further in Defendants'
Response to Plaintiffs' Local Rule 56(a)2 Statement attached behind Exhibit A, a review of the
documents themselves demonstrates that the challenged documents are fairly characterized.
More importantly, Plaintiffs have offered absolutely no evidence to dispute Defendants'
statement of facts referencing these documents, and, thus, Defendants' statements should be
deemed admitted.  See D. Conn. L. Civ. R. 56(a)3.

Plaintiffs' Local Rule 56(a)2 Statement also raises many other unfounded objections to
the evidence submitted by Defendants in support of their Motion for Summary Judgment.
Defendants' Response to Plaintiffs' Local Rule 56(a)2 Statement attached as Exhibit A addresses
each of Plaintiffs' objections and responses to the undisputed facts of this case.

For the foregoing reasons, as well as the reasons set forth in Defendants' Response to
Plaintiffs' Local Rule 56(a)2 Statement, Plaintiffs' Motion to Strike certain of the undisputed
facts set forth in Defendants' Local Rule 56(a)1 Statement should be denied.


DEFENDANTS,
JOHN DESTEFANO, CITY OF NEW
HAVEN and NEW HAVEN BOARD OF
EDUCATION

By:        /s/ Carolyn W. Kone
Carolyn W. Kone (ct06207)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
New Haven, CT  06511
Tel. (203) 772-2600
Fax (203) 772-4008
Email:  ckone@bswlaw.com
Email:  rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, a copy of the foregoing was manually filed with the court and served via U.S. Mail upon the following:

John R. Williams
Katrena Engstrom
Law Offices of John Williams & Associates
51 Elm St., Ste. 409
New Haven, CT  06510

Jennifer C. Vickery
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510

_____ /s/ Carolyn W. Kone_____
Carolyn W. Kone