UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HARP and<br>ARCHITECTS ENVIRONMENTAL<br>COLLABORATIVE INTERNATIONAL, P.C.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DeSTEFANO,<br>CITY OF NEW HAVEN and<br>NEW HAVEN BOARD OF EDUCATION,<br><br>Defendants. | CASE NO: 3:03CV977(CFD)<br><br><br><br><br><br><br><br><br>June 21, 2007 |

**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT**

Defendants, John DeStefano, City of New Haven and New Haven Board of Education, hereby wish to bring to the Court's attention supplemental authorities, not cited in their brief, which support their position that Defendant DeStefano, as a matter of law, is not liable under § 1983 because, notwithstanding any alleged retaliatory motivation that he is claimed to have had, he did not cause the termination of Architects Environmental Collaborative International, P.C.'s contract. It was the Board of Education, the final decision maker, rather than DeStefano, which terminated the contract. See Defendants' Memorandum in Support of Motion for Summary Judgment, at 38-43, Defendants' Reply Memorandum at 7-9. These supplemental authorities also support Defendants' argument that the Board and the City are also not liable, because the evidence is uncontradicted that the members who voted to terminate the contract, not counting DeStefano, were either not aware of Plaintiff Harp's wife's political support of DeStefano's opponent and/or had permissible, constitutional motives for their actions. These authorities are as follows:

1.  Beattie v. Madison County Sch. Dist., 254 F.3d 595 (5th Cir. 2001)

In Beattie, the plaintiff, a secretary for a school district, claimed that she had been fired by the school district in retaliation for her support of a candidate for school superintendent who was running in opposition to the incumbent superintendent. Id. at 599. The plaintiff sued the school district, the superintendent, the principal, and the school board members for violation of her first amendment rights under § 1983. Id. Although plaintiffs' principal originally had recommended that she be reemployed, within days after the plaintiff had voiced her support for the superintendent's opponent, which the principal reprimanded her for, and several days after the plaintiff put up yard signs supporting the opponent, the principal recommended to the incumbent superintendent that the plaintiff be fired. Id. at 599-600. Thereafter, the incumbent superintendent presented the principal's recommendation to the Board of Education, which voted to fire the plaintiff. Id. at 600.

In affirming the grant of summary judgment to the principal and the superintendent, the Fifth Circuit held that the principal and the superintendent, no matter how unconstitutional their motives were and despite the fact that they had made the recommendation to the Board to terminate the plaintiff, could not be liable to the plaintiff, because the Board of Education had made the final decision to fire the plaintiff. Id. at 601, 605. The Fifth Circuit also held that the Board was not liable, because their affidavits indicated that they did not know of the plaintiff's protected activity and that they had legitimate nondiscriminatory reasons for their votes to terminate the plaintiff. Id. at 603-05. Further, the Court held that under the Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977), because the Board members stated in their affidavits that they would have terminated the plaintiff even without the recommendation of

the principal, the Board was not liable. Id. at 605. All of these circumstances are present in the instant action.

2.  Johnson v. State, 369 F.3d 826 (5th Cir. 2004)

In Johnson, the Fifth Circuit reversed a jury verdict in favor of a terminated employee in a first amendment retaliation case. Id. at 833. The employee had sued his supervisor, the Deputy Secretary of the Department in which the plaintiff had worked, two co-workers, and an internal affairs investigator. Id. at 828. In reversing the verdict as to all of the defendants except the Deputy Secretary, who had fired Johnson, the Fifth Circuit wrote, "As to causation, only final decision-makers may be held liable for First Amendment retaliation employment discrimination under § 1983." Id. at 831.

Respectfully submitted,

DEFENDANTS,
JOHN DESTEFANO, CITY OF NEW
HAVEN and NEW HAVEN BOARD OF
EDUCATION

By: *s/Carolyn W. Kone*
Carolyn W. Kone (ct06207)
Rowena A. Moffett (ct19811)
BRENNER, SALTZMAN & WALLMAN LLP
Their Attorneys
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600
Fax (203) 772-4008
Email: ckone@bswlaw.com
Email: rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2007, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].

*s/Carolyn W. Kone*
Carolyn W. Kone